Edward G. Schloss (CA Bar 102858)
Lior Katz (CA Bar 284559)
Edward G. Schloss Law Corp.
3637 Motor Ave, Suite 220
Los Angeles, CA 90034
Tel: 310-733-4488: Fax: 310-836-4888
Email: <egs2@ix.netcom.com>
C743/lk

Thomas J. Feeley, SBN 44466
Thomas J Feeley, A Prof Corp
701 N Brand Blvd Ste 610
Glendale, CA 91203
Phone Number: (818) 550-9670
Fax Number: (818) 550-9605
Email: tfeeley@feeleylaw.com

Attorneys for Defendants
Bayview Loan Servicing, LLC and
M&T Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIS BAGDASARYAN, an individual; VERZHIN BAGDASARYAN, an individual; HAROUT BAGDASARYAN, an individual; and the MASIS AND VERZHIN BAGDASARYAN TRUST, <br><br>Plaintiffs. <br><br>vs. <br><br>BAYVIEW LOAN SERVICING, LLC; | Case Number: 2:14-cv-06691-SJO-VBK <br><br> DEFENDANTS' MOTION IN LIMINE NUMBER 6 TO EXCLUDE ANY EVIDENCE OF DISMISSED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS J. FEELEY |

1

|  |  |
|---|---|
| M&T BANK; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Date:  October 25, 2016<br>Time:  9:00 a.m.<br>Ctrm:  1<br><br>*Assigned to: Honorable S. James Otero*<br>*Referred to: Magistrate Judge Victor B. Kenton*<br><br> Complaint Filed: August 26, 2014<br>Trial Date:  October 25, 2016 |

TO PLAINTIFFS AND TO THIS HONORABLE COURT:

PLEASE TAKE NOTICE AND NOTICE IS HEREBY GIVEN that on October 25, 2016, at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California, Defendants Bayview Loan Servicing, LLC ("Bayview") and M&T Bank ("M&T"), (collectively "Defendants") will and hereby do move, in limine, to exclude any evidence from pro se Plaintiffs Masis Bagdasaryan as trustee of the Masis and Verzhin Bagdasaryan Trust and the Masis and Verzhin Bagdasaryan Trust (Docket #117, page 3 of 5, Page ID #1447) of any dismissed claims and of claims of dismissed Plaintiffs.

This motion in limine will be based on this notice of motion and motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Thomas J. Feeley, and on such other oral and/or documentary evidence as this Court may choose to consider at the hearing hereof.

///

///

This motion is filed in compliance with Local Rule 7-3.  See concurrently filed Declaration of Thomas J. Feeley.

DATED: September 16, 2016         Law Offices of Thomas J. Feeley

By   /s/ Thomas J. Feeley
Thomas J. Feeley
Attorneys for Bayview Loan Servicing, LLC and M&T Bank

Z:\LAW FILES\civil\BagdasaryanMIL exclude evidence of dismissed claimsC743.docx

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT PROCEDURAL HISTORY.

This action was filed on August 26, 2014. Following extensive law and motion, on March 22, 2016, the Court ruled that the only remaining Plaintiffs are Masis Bagdasaryan as trustee of the Masis and Verzhin Bagdasaryan Trust ("Masis as trustee") and the Masis and Verzhin Bagdasaryan Trust ("Trust"). *See*, Docket # 117.[1] At that time, the Court also ruled that the only claims that remain are as follows:

> Masis' claims as trustee that remain under the FDCPA are: (1) communicating directly with Plaintiffs after having specific knowledge that Plaintiffs were represented by an attorney, 15 U.S.C. § 1692c(a)(2); (2) sending notices of default to Plaintiffs' tenants erroneously indicating that Plaintiffs were in default and often having the tenants sign certified letters on behalf of Masis and Verzhin, 15 U.S.C. § 1692c(b); (3) harassing, oppressing, or abusing Plaintiffs by misapplying payments, making false reports to credit bureaus, and forcing Plaintiffs to spend thousands of hours on the phone with Defendants to correct errors, 15 U.S.C. § 1692d(5); (4) engaging in false, deceptive, or misleading representations relating to the amount of the debt owed by providing projected amortization tables that end four (4) years after

---

[1] Both of these Plaintiffs proceed in pro se (contrary to Local Rule 83-2.2.2; see concurrently filed Motion in Limine # 2) as this Court granted said Plaintiffs' former counsel's motion to be relieved by way of this Court's Order of July 1, 2016. Document # 152.

the maturity date indicated on Plaintiffs' loan documents, 15 U.S.C. § 1692e(2); (5) threatening to foreclose on Plaintiffs' Collateralized Properties without any intention that such action be taken by issuing hundreds of erroneous Notices but failing to record a single one, 15 U.S.C. § 1692e(5); (6) communicating false credit information to credit bureaus, 15 U.S.C. § 1692e(8); (7) attempting to collect amounts not authorized by agreements or permitted by law, 15 U.S.C. § 1692f(1); (8) accepting post-dated checks by more than five (5) days without three (3) business days written notice of intent to deposit, 15 U.S.C. § 1692f(2); and (9) depositing post-dated checks prior to the actual date on the check, 15 U.S.C. § 1692f(4). (4AC ¶¶ 71-91.)

Masis' claims as trustee for fraud and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq. also remain. (4AC ¶¶ 99-110.)

The Trust's claims that remain under the Rosenthal Act are: (1) sending hundreds of notices of default threatening foreclosure proceedings without recording one of them, Cal. Civ. Code § 1788.10(e); and (2) charging Plaintiffs for undisclosed fees, legal services, service fees, finance charges, and other fees, Cal. Civ. Code § 1788.13(e). (4AC ¶¶ 92-98.)

Docket # 117, Pages 3 of 5 and 4 of 5, Page ID #'s 1447 and 1448.

On July 1, 2016, this Court relieved Plaintiffs' former counsel, Peter Wright as counsel for Plaintiffs pursuant to Mr. Wright's ex parte application to either continue the trial or relieve him as Plaintiffs' counsel of record. *See* Docket # 152. At a status conference conducted on July 5, 2016, this Court continued the Status Conference to Monday, August 15, 2016 to allow Pro Se Plaintiffs an opportunity to retain new counsel. *See* Docket #153. At the Status Conference conducted on August 15, 2016, Pro Se Plaintiffs appeared without counsel. At that time, the Court set trial in this matter for October 25, 2016, indicating that if Pro Se Plaintiffs are able to secure counsel by then, the Court would consider adjusting the trial date to allow counsel an opportunity to prepare. *See* Docket # 154. A scheduling conference was conducted on Friday, September 9, 2016. At that time, Pro Se Plaintiff, Masis as trustee and on behalf of the Trust appeared and represented that neither Pro Se Plaintiff would be proceeding with trial counsel at the time of trial. Declaration of Thomas J. Feeley, p. 11, para. 2. Pro Se Plaintiffs, Masis as trustee and the Trust, remain Pro Se.

## II. PRO SE PLAINTIFFS CANNOT BE ALLOWED TO PRESENT EVIDENCE OF DISMISSED CLAIMS OR OF CLAIMS OF DISMISSED PLAINTIFFS AS THOSE ARE NOW NOT RELEVANT.

This action commenced on August 26, 2014, with the filing of the original complaint in which the named Plaintiffs in the caption were Harout Bagdasaryan and

6
DEFENDANTS' MOTION IN LIMINE NUMBER 6 TO EXCLUDE ANY EVIDENCE OF DISMISSED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS J. FEELEY

Masis Bagdasaryan. The original Complaint included claims for Breach of Contract, Fraud and Bad Faith, FDCPA and Rosenthal Violations, Truth in Lending Act Violations, Unjust Enrichment, FCRA Violations, and Intentional Infliction of Emotional Distress. *See* Docket # 1.

A First Amended Complaint was filed on March 17, 2015, by the same Plaintiffs with the same claims. *See* Docket # 23.

A Second Amended Complaint was filed on June 4, 2015. At this time, Verzhin Bagdasaryan and the Masis and Verzhin Bagdasaryan Trust were added as Plaintiffs and the claims expanded into twelve claims identified as Violation of Fair Debt Collations Practices Act, Violation of Rosenthal Fair Debt Collection Practices Act, Violation of Truth in Lending Act, Violation of Fair Credit Reporting Act, Violation of Business and Professions Code Section 17200, et seq., Fraud, Negligent Misrepresentation, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Restitution/Unjust Enrichment, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. Docket # 45.

A third amended complaint was filed on November 2, 2015. At this time, the Plaintiffs identified in the caption were Masis Bagdasaryan, Verzhin Bagdasaryan and the Masis and Verzhin Bagdasaryan Trust and the claims were reduced to six claims identified as Violation of Fair Debt Collations Practices Act, Violation of Rosenthal Fair Debt Collection Practices Act, Violation of Business and Professions

7

Code Section 17200, et seq., Fraud, Breach of Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing. *See* Docket #73.

A fourth amended complaint was filed on February 3, 2016.  At this time, the Plaintiffs were identified in the caption as Masis Bagdasaryan, an individual and as trustee of the Masis and Verzhin Bagdasaryan Trust dated February 15, 2006, Verzhin Bagdasaryan, an individual, and the Masis and Verzhin Bagdasaryan The claims remained the same six as those set forth in the third amended complaint. *See* Docket #100.

As mentioned above, on Defendants' Motion to Dismiss and Motion to Strike relative to the Fourth Amended Complaint, the Court dismissed the claims of Plaintiff, Verzhin Bagdasaryan, dismissed the claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.  The remaining Plaintiffs are Masis as trustee and the Trust.  The remaining claims of Masis as trustee are the first for Violation of Fair Debt Collections Practices Act, the third for Violation of Business and Professions Code Section 17200, et seq., and the fourth for Fraud.  The Trust's remaining claim is the second for Violation of Rosenthal Fair Debt Collection Practices Act.  Docket # 117, Pages 3 of 5 and 4 of 5, Page ID #'s 1447 and 1448.

Federal Rules of Evidence, Rule 401 provides as follows:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

As Plaintiffs proceed in Pro Se, Defendants are concerned that they will attempt to litigate dismissed claims and claims of dismissed Plaintiffs. As such, Defendants seek an order preventing Plaintiffs from offering any evidence on the dismissed claims of:

1. Violation of Truth in Lending Act;

2. Violation of Fair Credit Reporting Act;

3. Negligent Misrepresentation;

4. Breach of Contract;

5. Breach of the Implied Covenant of Good Faith and Fair Dealing;

6. Restitution/Unjust Enrichment;

7. Intentional Infliction of Emotional Distress; and,

8. Negligent Infliction of Emotional Distress.

Defendants seek an order precluding Pro Se Plaintiffs from offering any evidence related to any claims of now dismissed Plaintiffs, Masis Bagdasaryan, an individual, Harout Bagdasaryan and Verzhin Bagdasaryan.

None of this evidence is relevant. Critically, it is anticipated that Pro Se Plaintiffs will attempt to introduce evidence as to how the actions of Defendants

affected the health and well being of Masis Bagdasaryan. There are no individual claims remaining. All that remains are the claims of Masis as trustee and the Trust. Moreover, there are no claims for emotional distress remaining. Accordingly, how the actions of Defendants impacted or effected now dismissed Plaintiff Masis Bagdasaryan, an individual, is not relevant to the claims brought by Masis (in his representative capacity) as trustee and on behalf of the Trust.

**THE PROBATIVE VALUE OF DISMISED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSING THE ISSUES, MISLEADING THE JURY, UNDUE DELAY, WASTING TIME, OR NEEDLESSLY PRESENTING CUMULATIVE EVIDENCE.**

Even if tangentially relevant, which they are not, the probative value of the now dismissed claims and the claims of now dismissed Plaintiffs is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Federal Rules of Evidence, Rule 403 allows the Court to exclude such evidence, providing as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice,

10
DEFENDANTS' MOTION IN LIMINE NUMBER 6 TO EXCLUDE ANY EVIDENCE OF DISMISSED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS J. FEELEY

affected the health and well being of Masis Bagdasaryan. There are no individual claims remaining. All that remains are the claims of Masis as trustee and the Trust. Moreover, there are no claims for emotional distress remaining. Accordingly, how the actions of Defendants impacted or effected now dismissed Plaintiff Masis Bagdasaryan, an individual, is not relevant to the claims brought by Masis (in his representative capacity) as trustee and on behalf of the Trust.

**THE PROBATIVE VALUE OF DISMISED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSING THE ISSUES, MISLEADING THE JURY, UNDUE DELAY, WASTING TIME, OR NEEDLESSLY PRESENTING CUMULATIVE EVIDENCE.**

Even if tangentially relevant, which they are not, the probative value of the now dismissed claims and the claims of now dismissed Plaintiffs is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Federal Rules of Evidence, Rule 403 allows the Court to exclude such evidence, providing as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Such evidence would certainly unfairly prejudice Defendants confuse, the issues, mislead the jury, cause undue delay and waste time.  The allowance of such evidence may, among other things, lead the jury to conclude that there are claims being tried of dismissed Plaintiffs and claims that have already been dismissed by order of this Court.  Also, the claims of dismissed Plaintiffs and claims now dismissed are not part of the jury instructions and the introduction of any evidence thereon would certainly confuse and mislead the jury.  Moreover, Defendants would be forced to defend claims that have been legally found to be lacking and that have been dismissed by order of this Court.

## VI.  CONCLUSION.

Based on the foregoing, Pro Se Plaintiffs Masis as trustee and the Trust cannot be allowed to introduce evidence on now dismissed claims and claims of now dismissed Plaintiffs.

Respectfully submitted,

DATED: September 16, 2016             Law Offices of Thomas J. Feeley

                                                   By   /s/ Thomas J. Feeley
                                                   Thomas J. Feeley
                                                   Attorneys for Bayview Loan Servicing, LLC
                                                   and M&T Bank

## DECLARATION OF THOMAS J. FEELEY

I, Thomas J. Feeley, declare as follows:

1. I am an attorney at law licensed to practice before all of the Courts of the State of California and of this Central District of the State of California. The following facts to which I hereby declare are of my own personal knowledge and if called upon to testify to the truth and veracity thereof, I would and could competently do so.

2. Pursuant to Local Rule 16-2, the parties held a Pretrial Conference meeting of counsel on Friday, September 9, 2016 and on Tuesday, September 13, 2016. On Friday, September 9, 2016, I appeared on behalf of Defendants, Bayview Loan Servicing, LLC and M&T Bank. Masis Bagdasaryan attended this meeting without counsel. On Friday, September 9, 2016, I asked Mr. Masis Bagdasaryan if Plaintiffs were going to be represented by counsel at the trial of this matter. He said no.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration is executed this the 16th day of September 2016 in the City of Glendale, County of Los Angeles, State of California.

                                                                              /s/ Thomas J. Feeley
                                                                              Thomas J. Feeley

Z:\LAW FILES\civil\BagdasaryanMIL exclude evidence of dismissed claimsC743.docx

**PROOF OF SERVICE**

I, REYNALDO DEL PILAR, certify that:

I am a resident of Los Angeles County, I am over the age of 18 and not a party to the within action; my business address is 3637 Motor Avenue, Suite 220, Los Angeles, California 90034.

On September 17, 2016, I served the DEFENDANTS' MOTION IN LIMINE NUMBER 6 TO EXCLUDE ANY EVIDENCE OF DISMISSED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS J. FEELEY and this PROOF OF SERVICE on interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage prepaid envelope sent by FedEx Overnight Mail at Los Angeles, California addressed as follows:

> Masis Bagdasaryan
> Verzhin Bagdasaryan
> Masis and Verzin Bagdasaryan Trust
> 6908 Shadygrove Street
> Tujunga, CA 91042

On September 17, I checked the CM/ECF docket for this civil case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission, and the foregoing documents, will be served by NEF at the email addresses stated below:

Thomas Joseph Feeley   -   tfeeley@feeleylaw.com

<u>Edward G Schloss</u>     - egs2@ix.netcom.com

I declare that I am employed in the office of a member of the bar at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 17, 2016, at Los Angeles, California.

       /s/ Reynaldo Del Pilar  
       REYNALDO DEL PILAR

Z:\LAW FILES\civil\BagdasaryanMIL exclude evidence of dismissed claimsC743.docx

DEFENDANTS' MOTION IN LIMINE NUMBER 6 TO EXCLUDE ANY EVIDENCE OF DISMISSED CLAIMS AND CLAIMS OF DISMISSED PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS J. FEELEY