Masis Bagdasaryan, an individual, in Pro Se
Masis Bagdasaryan as Trustee of the
Masis and Verzhin Bagdasaryan Trust, in Pro Se
6908 Shadygrove St.
Tujunga, CA 91042
818-266-6079

Verzhin Bagdasaryan, an individual, in Pro Se
6908 Shadygrove St.
Tujunga, CA 91042
818-266-6079

FILED
CLERK, U.S. DISTRICT COURT

DEC - 5 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIS BAGDASARYAN, as an Individual and as Trustee of THE MASIS AND VERZHIN BAGDASARYAN TRUST; VERZHIN BAGDASARYAN as an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC; M&T BANK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number: 2:14-cv-06691-SJO-VBKx<br><br>[PROPOSED] JURY INSTRUCTIONS<br><br>Date: December 2, 2016<br><br>**Pre Trial Conference December 5th, 2016**<br>**Trial December 13th, 2016**<br><br>*Assigned to: Honorable S. James Otero* |

The following are the Joint Agreed and Joint Objected Jury Instructions that were previously completed in April 2016.

1
[PROPOSED] JURY INSTRUCTIONS

Dated December 2nd, 2016

_Masis Bagdasaryan_
Plaintiff, Masis Bagdasaryan, an individual

_Masis Bagdasaryan_
Plaintiff, Masis Bagdasaryan as trustee of
the Masis and Verzhin Bagdasaryan Trust

_Vazhin Bagdasaryan_
Plaintiff, Verzhin Bagdasaryan, an individual

2
[PROPOSED] JURY INSTRUCTIONS

Joint Agreed Jury Instructions

## Table of Contents

| Number | Title | Plaintiffs Citation Source | PAGE NUMBER |
|---|---|---|---|
| Jury Instruction Number 1.1 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS) | Ninth Circuit Manual of Model Jury Instructions 1.1A | 7 |
| Jury Instruction Number 1.2 | DUTY OF JURY (COURT READS INSTRUCTIONS ONLY) | Ninth Circuit Manual of Model Jury Instructions 1.1B | 8 |
| Jury Instruction Number 1.3 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | Ninth Circuit Manual of Model Jury Instructions 1.1C | 9 |
| Jury Instruction Number 3 | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.3 | 10 |
| Jury Instruction Number 4 | BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.4 | 11 |
| Jury Instruction Number 5 | TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS | Ninth Circuit Manual of Model Jury Instructions 1.5 | 12 |
| Jury Instruction Number 6 | WHAT IS EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.6 | 13 |
| Jury Instruction Number 7 | WHAT IS NOT EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.7 | 14 |
| Jury Instruction Number 8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.9 | 15 |
| Jury Instruction Number 9 | RULING ON OBJECTIONS | Ninth Circuit Manual of Model Jury Instructions 1.10 | 16 |
| Jury Instruction Number 10 | CREDIBILITY OF WITNESSES | Ninth Circuit Manual of Model Jury Instructions 1.11 | 17 |
| Jury Instruction Number 11 | CONDUCT OF THE JURY | Ninth Circuit Manual of Model Jury Instructions 1.12 | 18 |
| Jury Instruction Number 12 | NO TRANSCRIPT AVAILABLE TO JURY | Ninth Circuit Manual of Model Jury Instructions 1.14 | 19 |
| Jury Instruction Number 13 | TAKING NOTES | Ninth Circuit Manual of Model Jury Instructions 1.15 | 20 |

| Jury Instruction Number 14 | QUESTIONS TO WITNESSES BY JURORS | Ninth Circuit Manual of Model Jury Instructions 1.16 | 21 |
|---|---|---|---|
| Jury Instruction Number 15 | BENCH CONFERENCES AND RECESSES | Ninth Circuit Manual of Model Jury Instructions 1.17 | 22 |
| Jury Instruction Number 16 | OUTLINE OF TRIAL | Ninth Circuit Manual of Model Jury Instructions 1.18 | 23 |
| Jury Instruction Number 17 | STIPULATED TESTIMONY | Ninth Circuit Manual of Model Jury Instructions 2.1 | 24 |
| Jury Instruction Number 18 | STIPULATIONS OF FACT | Ninth Circuit Manual of Model Jury Instructions 2.2 | 25 |
| Jury Instruction Number 28 | WHAT IS A CONSUMER | 15 U.S.C. § 1692A | 26 |
| Jury Instruction Number 30 | WHAT IS A CREDITOR | 15 U.S.C. § 1692A | 27 |
| Jury Instruction Number 31 | WHAT IS A COMMUNICATION | 15 U.S.C. 1692a(2) | 28 |
| Jury Instruction Number 32 | COMMUNICATION IN CONNECTION WITH DEBT COLLECTION | 15 U.S.C. § 1692c(a)(2); | 29 |
| Jury Instruction Number 33 | COMMUNICATION WITH THIRD PARTIES | 15 U.S.C. § 1692c(b); | 30 |
| Jury Instruction Number 35 | FALSE OR MISLEADING REPRESENTATIONS | 15 U.S.C. § 1692e(2); | 31 |
| Jury Instruction Number 36 | FALSE OR MISLEADING REPRESENTATIONS | 15 U.S.C. § 1692e(5); | 32 |
| Jury Instruction Number 37 | FALSE OR MISLEADING REPRESENTATIONS | 15 U.S.C. § 1692e(8) | 33 |
| Jury Instruction Number 38 | UNFAIR PRACTICES | 15 U.S.C. § 1692f(1); | 34 |
| Jury Instruction Number 39 | UNFAIR PRACTICES | 15 U.S.C. § 1692f(2); | 35 |
| Jury Instruction Number 40 | UNFAIR PRACTICES | 15 U.S.C. § 1692f(4). | 36 |
| Jury Instruction Number 42 | FDCPA - DAMAGE CALCULATION | 15 U.S.C. 1692k(a) | 37 |
| Jury Instruction Number 43 | FDCPA - STATUTORY DAMAGES | 15 U.S.C. §1692k(b)(1) | 38 |
| Jury Instruction Number 44 | FDCPA- FACTORS CONSIDERED | 15 U.S.C. 1692k(b) | 39 |

| Jury Instruction Number 48 | WHAT IS DEBT COLLECTION | 1788.2 | 40 |
|---|---|---|---|
| Jury Instruction Number 49 | WHO IS A DEBT COLLECTOR | 1788.2 | 41 |
| Jury Instruction Number 50 | WHAT IS A DEBT | 1788.2 | 42 |
| Jury Instruction Number 51 | WHAT IS A CONSUMER CREDIT TRANSACTION | 1788.2 | 43 |
| Jury Instruction Number 52 | WHAT IS A CONSUMER DEBT | 1788.2 | 44 |
| Jury Instruction Number 53 | WHAT IS PERSON | 1788.2 | 45 |
| Jury Instruction Number 54 | WHAT IS A DEBTOR | 1788.2 | 46 |
| Jury Instruction Number 55 | WHAT IS A CREDITOR | 1788.2 | 47 |
| Jury Instruction Number 56 | WHAT IS A CONSUMER CREDIT REPORT | 1788.2 | 48 |
| Jury Instruction Number 57 | WHAT IS A CONSUMER REPORTING AGENCY | 1788.2 | 49 |
| Jury Instruction Number 58 | THREATENING ACTION WITHOUT INTENT TO CARRYOUT | 1788.10(e) | 50 |
| Jury Instruction Number 59 | CHARGING UNDISCLOSED FEES | 1788.13(e) | 51 |
| Jury Instruction Number 61 | ROSENTHAL ACT - STATUTORY DAMAGES | 1788.30 (b) | 53 |
| Jury Instruction Number 62 | ████████████████ | 1788.30(d) | 54 |
| Jury Instruction Number 66 | Business & Professions Code Section 17200 | Business & Professions Code Section 17200 | 55 |
| Jury Instruction Number 67 | Business & Professions Code Section 17200 | Business & Professions Code Section 17200 | 56 |
| Jury Instruction Number 68 | UNDER 17200 WHAT IS A PERSON | Business & Professions Code Section 17201 | 57 |
| Jury Instruction Number 72 | CONSUMER PROTECTION LAWS §17200 ET SEQ. UNFAIR COMPETITION- WEIGHT OF INJURY TO CONSUMER. | Paraphrased from Statute | 58 |

| | | | |
|---|---|---|---|
| Jury Instruction Number 73 | CONSUMER PROTECTION LAWS §17200 ET SEQ. UNFAIR COMPETITION-RESTITUTION TO PLAINTIFF | Paraphrased from Statute | 59 |
| Jury Instruction Number 75 | INTENTIONAL MISREPRESENTATION | **Elements of Fraud** | 60 |
| Jury Instruction Number 76 | Reliance | CACI 1908 | 61 |
| Jury Instruction Number 77 | RELIANCE | CACI 1907 | 62 |
| Jury Instruction Number 79 | "Recklessness" Explained | CACI 3113 | 63 |
| Jury Instruction Number 80 | "Malice" Explained | CACI 3114 | 64 |
| Jury Instruction Number 81 | "Oppression" Explained | CACI 3115 | 65 |
| Jury Instruction Number 82 | "Fraud" Explained | CACI 3116 | 66 |
| Jury Instruction Number 85 | Definition of Important Fact/Promise | CACI 1905 | 67 |
| Jury Instruction Number 89 | DUTY TO DELIBERATE | Ninth Circuit Manual of Model Jury Instructions 3.1 | 68 |
| Jury Instruction Number 90 | DUTY TO DELIBERATE | Ninth Circuit Manual of Model Jury Instructions 3.1 | 69 |
| Jury Instruction Number 91 | DEADLOCKED JURY ADMONITION | CACI 5013 | 70 |
| Jury Instruction Number 92 | DEADLOCKED JURY | Ninth Circuit Manual of Model Jury Instructions 3.7 | 71 |
| Jury Instruction Number 95 | BIAS | CACI 113 | 72 |
| Jury Instruction Number 99 | MITIGATION OF DAMAGES | CACI 3930 | 73 |
| Jury Instruction Number 100 | DAMAGES—MITIGATION | Ninth Circuit Manual of Model Jury Instructions 5.3 | 74 |
| Jury Instruction Number 102 | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE | Ninth Circuit Manual of Model Jury Instructions 4.2 | 75 |
| Jury Instruction Number 103 | AGENT AND PRINCIPAL—DEFINITION | Ninth Circuit Manual of Model Jury Instructions | 76 |

| | | 4.3 | |
|---|---|---|---|
| Jury Instruction Number 104 | AGENT—SCOPE OF AUTHORITY DEFINED | Ninth Circuit Manual of Model Jury Instructions 4.4 | 77 |
| Jury Instruction Number 105 | ACT OF AGENT IS ACT OF PRINCIPAL— SCOPE OF AUTHORITY NOT IN ISSUE | Ninth Circuit Manual of Model Jury Instructions 4.5 | 78 |
| Jury Instruction Number 106 | ACT OF AGENT IS ACT OF PRINCIPAL— SCOPE OF AUTHORITY NOT IN ISSUE | Ninth Circuit Manual of Model Jury Instructions 4.6 | 79 |
| Jury Instruction Number 107 | OPINIONS AS STATEMENTS OF FACT | CACI 1904 | 80 |
| Jury Instruction Number 108 | Judge's Commenting on Evidence | CACI 5016 | 81 |
| Jury Instruction Number 109 | Demonstrative Evidence | CACI 5020 | 82 |
| Jury Instruction Number 110 | Demonstrative Evidence | CACI 5020 | 83 |
| Jury Instruction Number 112 | CAUSATION: SUBSTANTIAL FACTOR | CACI 430 | 84 |
| Jury Instruction Number 113 | PUNITIVE DAMAGES— ENTITY DEFENDANT— TRIAL NOT BIFURCATED | CACi 3940 | 85 |
| Jury Instruction Number 114 | BURDEN OF PROOF— PREPONDERANCE OF THE EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.3 | 86 |
| Jury Instruction Number 115 | BURDEN OF PROOF AND CLEAR CONVINCING EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 1.4 | 87 |
| Jury Instruction Number 116 | OBLIGATION TO PROVE MORE LIKELY TRUE THAN NOT TRUE | CACI 200 | 88 |
| Jury Instruction Number 117 | FAILURE TO EXPLAIN OR DENY EVIDENCE | CACI 205 | 89 |
| Jury Instruction Number 118 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY | Ninth Circuit Manual of Model Jury Instructions 3.2 | 90 |
| Jury Instruction Number 119 | COMMUNICATION WITH COURT | Ninth Circuit Manual of Model Jury Instructions 3.3 | 91 |
| Jury Instruction Number 120 | RETURN OF VERDICT | Ninth Circuit Manual of Model Jury Instructions 3.5 | 92 |

### Jury Instruction Number 1.1A

## 1.1A  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### Jury Instruction Number 1.1B

### 1.1B   DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Jury Instruction Number 1.1C**

**1.1C   DUTY OF JURY**

(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)
        Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.
        [Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]
or
        [A copy of these instructions will be sent with you to the jury room when you deliberate.]

        You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

        It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

        In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Jury Instruction Number 3**

## 1.3   BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim, or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Jury Instruction Number 4

### 1.4   BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## Jury Instruction Number 5

### 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Plaintiff and each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

## **Jury Instruction Number 6**
## **1.6 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

## **Jury Instruction Number 7**
## **1.7 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, or will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Jury Instruction Number 8**
**1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Jury Instruction Number 9
### 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a
lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks
that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the
objection, the question may be answered or the exhibit received.  If I sustain the objection, the
question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an
objection to a question, you must ignore the question and must not guess what the answer might
have been.

Sometimes I may order that evidence be stricken from the record and that you disregard
or ignore the evidence.  That means that when you are deciding the case, you must not consider
the evidence that I told you to disregard.

### Jury Instruction Number 10
### 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice;

(5) Whether other evidence contradicted the witness's testimony;

(6) The reasonableness of the witness's testimony in light of all the evidence; and

(7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## <u>Jury Instruction Number 11</u>
## <u>1.12 CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## **Jury Instruction Number 12**
## **1.13 NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### Jury Instruction Number 13
### 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### Jury Instruction Number 14
### 1.15 QUESTIONS TO WITNESSES BY JURORS
### INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.
PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1.  At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2   Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

3.  The judge asks the question of the witness;

4.  Counsel are permitted to ask appropriate follow-up questions; and

5.  The written questions are made part of the record.

**Jury Instruction Number 15**
**1.18 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### Jury Instruction Number 16
### 1.19 OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## Jury Instruction Number 17
## 2.1 STIPULATED TESTIMONY

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

[DEFENDANTS CONDITIONALLY AGREE]
THERE HAS BEEN NO STIPULATED TESTIMONY OR STIPULATED FACTS.  IF THERE ARE SUCH STIPULATIONS DURING TRIAL, ONLY THEN WILL WE AGREE.

[PLAINTIFFS CONTEND THAT DEFENDANTS STIPULATED TO LODGING DEPOSITIONS OF MASIS AND HAROUT BAGDASARYAN]
STIPULATION IS IN THE DEPOSITIONS THEMSELVES

**Jury Instruction Number 18**
**2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

[DEFENDANTS CONDITIONALLY AGREE]
THERE HAS BEEN NO STIPULATED TESTIMONY OR STIPULATED FACTS.  IF THERE ARE SUCH STIPULATIONS DURING TRIAL. ONLY THEN WILL WE AGREE.

   [PLAINTIFFS CONTEND THAT DEFENDANTS STIPULATED TO LODGING DEPOSITIONS OF MASIS AND HAROUT BAGDASARYAN]

## Jury Instruction Number 28
### 1692a—Definitions

The term "consumer" means any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).


[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT MASIS BAGDASARYAN AS TRUSTEE IS A CONSUMER AND THE REAL PARTY IN INTEREST AND PROPER PARTY FOR THE FDCPA CLAIM AND THAT THIS BE ADDED TO THE INSTRUCTION]

## Jury Instruction Number 30

### 1692a—Definitions

The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.
15 U.S.C. 1692a(4).

[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE DEFENDANTS ARE DEBT COLLECTORS AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## <u>Jury Instruction Number 31</u>

### <u>1692a—Definitions</u>

The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

15 U.S.C. 1692a(2).

## Jury Instruction Number 32

### -VIOLATION OF FDCPA 15 U.S.C. § 1692c(a)(2); -

### "COMMUNICATION ABOUT A DEBT"

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; 15 U.S.C. § 1692c(a)(2);

**Jury Instruction Number 33**
**-VIOLATION OF FDCPA 15 U.S.C. § 1692c(b); -**

**"COMMUNICATION WITH THIRD PARTY ABOUT A DEBT"**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, unless as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b);

## **Jury Instruction Number 35**

### **-VIOLATION OF FDCPA 15 U.S.C. § 1692e(2)-**

### **FALSE OR MISLEADING REPRESENTATIONS**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—
>    **(A)** the character, amount, or legal status of any debt; or
>    **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2)-

## Jury Instruction Number 36

### -VIOLATION OF FDCPA 15 U.S.C. § 1692e(5) –

### FALSE OR MISLEADING REPRESENTATIONS

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5)

## Jury Instruction Number 37

## -VIOLATION OF FDCPA 15 U.S.C. § 1692e(8)-

## FALSE OR MISLEADING REPRESENTATIONS

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8)

## Jury Instruction Number 38

### -VIOLATION OF FDCPA 15 U.S.C. § 1692f(1)-

### UNFAIR PRACTICES

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)-

**Jury Instruction Number 39**

## -VIOLATION OF FDCPA 15 U.S.C. § 1692f(2) –

## UNFAIR PRACTICES

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

15 U.S.C. § 1692f(2)

**Jury Instruction Number 40**

**-VIOLATION OF FDCPA 15 U.S.C. § 1692f(4) –**

**UNFAIR PRACTICES**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    **(1)** Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

15 U.S.C. § 1692f(4)

## Jury Instruction Number 42 (Same as 43)

## 15 U.S.C. 1692k(a)—DAMAGE CALCULATION

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure; and (which may include personal humiliation, embarrassment, mental anguish or emotional distress, e.g. loss of sleep or appetite, nervousness, crying spells)

(2)  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
15 U.S.C. 1692k(a)

**<u>Jury Instruction Number 43 (Same as 42)</u>**

**<u>15 U.S.C. 1692k(a)— DAMAGE CALCULATION</u>**

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure; (which may include personal humiliation, embarrassment, mental anguish or emotional distress, e.g. loss of sleep or appetite, nervousness, crying spells) and

(2)  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

15 U.S.C. 1692k(a)

**<u>Jury Instruction Number 44</u>**

**<u>15 U.S.C. 1692k(b) —FACTORS CONSIDERED</u>**

In determining the amount of liability the court shall consider, among other relevant factors the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.
15 U.S.C. 1692k(b).

### Jury Instruction Number 48

### Civil Code Section 1788.2-  Definitions

The term "debt collection" means any act or practice in connection with the collection of consumer debts.

California Civil Code Section 1788.2(b).

## Jury Instruction Number 49

### DEFENDANTS PROPOSE:
### Civil Code Section 1788.2- Definitions

The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.
California Civil Code Section 1788.2(c).

[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE DEFENDANTS ARE DEBT COLLECTORS UNDER THE STATUTE AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## Jury Instruction Number 50

### DEFENDANTS PROPOSE:
### Civil Code Section 1788.2- Definitions

The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.
California Civil Code Section 1788.2(d).


   [PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE DEFENDANTS ARE DEBT COLLECTORS UNDER THE STATUTE AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## Jury Instruction Number 51

## DEFENDANTS PROPOSE:
## Civil Code Section 1788.2- Definitions

The term "consumer credit transaction" means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes.

California Civil Code Section 1788.2(e).

[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE PLAINTIFF TRUST IS A PERSON UNDER THE STATUTE AND AS SUCH A CONSUMER AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## Jury Instruction Number 52

### DEFENDANTS PROPOSE:
### Civil Code Section 1788.2- Definitions

The terms "consumer debt" and "consumer credit" mean money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.
California Civil Code Section 1788.2(f).


[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE PLAINTIFF TRUST IS A PERSON UNDER THE STATUTE AND AS SUCH A CONSUMER AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## Jury Instruction Number 53

## DEFENDANTS PROPOSE:

### Civil Code Section 1788.2-  Definitions

The term "person" means a natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association or other similar entity.

California Civil Code Section 1788.2(g)


[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE PLAINTIFF TRUST IS A PERSON UNDER THE STATUTE AND AS SUCH A CONSUMER AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

**Jury Instruction Number 54**

**DEFENDANTS PROPOSE:**
**Civil Code Section 1788.2-  Definitions**

The term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. California Civil Code Section 1788.2(h).


    [PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE DEFENDANTS ARE DEBT COLLECTORS UNDER THE STATUTE AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## <u>Jury Instruction Number 55</u>

### <u>DEFENDANTS PROPOSE:</u>
### <u>Civil Code Section 1788.2- Definitions</u>

The term "creditor" means a person who extends consumer credit to a debtor.
California Civil Code Section 1788.2(i)

[PLAINTIFFS CONTEND THAT THIS COURT HAS ESTABLISHED THAT THE DEFENDANTS ARE DEBT COLLECTORS UNDER THE STATUTE AND THAT THIS INSTRUCTION BE REMOVED AS UNNECESSARY]

## Jury Instruction Number 56

## DEFENDANTS PROPOSE:

### Civil Code Section 1788.2-  Definitions

The term "consumer credit report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for
(1) credit or insurance to be used primarily for person, family, or household purposes, or
(2) employment purposes, or
(3) other purposes authorized under any applicable federal or state law or regulation. The term does not include
(a) any report containing information solely as to transactions or experiences between the consumer and the person making the report;
(b) any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device; or
(c) any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to that request, if the third party advises the consumer of the name and address of the person to whom the request was made and such person makes the disclosures to the consumer required under any applicable federal or state law or regulation.
California Civil Code Section 1788.2(j).

**Jury Instruction Number 57**

**DEFENDANTS PROPOSE:**
**Civil Code Section 1788.2- Definitions**

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, and which uses any means or facility for the purpose of preparing or furnishing consumer credit reports.
California Civil Code Section 1788.2(k).

## Jury Instruction Number 58

### DEFENDANTS PROPOSE:
### SECOND CLAIM FOR RELIEF—VIOLATION OF ROSENTHAL ACT
### Violations of Civil Code Sections 1788.10(e)

No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:

The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.

California Civil Code Section 1788.10(e).

## Jury Instruction Number 59

### Violations of Civil Code Sections 1788.13(e)

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

The false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.

Civil Code Section 1788.13(e).

### Jury Instruction Number 61
### DEFENDANTS PROPOSE
### Civil Code Section 1788.30--Damages

Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

California Civil Code Section 1788.30(b).

## Jury Instruction Number 62
## DEFENDANTS PROPOSE

### Civil Code Section 1788.30—No liability if violation cured

A debt collector shall have no civil liability under this title if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor.

California Civil Code Section 1788.30(d).

**Jury Instruction Number 66**

**Business & Professions Code Section 17200**

No person shall engage in unfair competition.

Business & Professions Code Section 17200, et seq.

[PLAINTIFF CONTENDS THE FOLLOWING SHOULD BE ADDED TO THIS SECTION  IN THIS ORDER]

[The term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.]

Business & Professions Code Section 17201

The term "unfair competition" shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

Business & Professions Code Section 17200

## **Jury Instruction Number 67**

## **Business & Professions Code Section 17200**

Unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

Business & Professions Code Section 17200.

## Jury Instruction Number 68

## Business & Professions Code Section 17201

The term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

Business & Professions Code Section 17201.

**Jury Instruction Number 72**

**CONSUMER PROTECTION LAWS §17200 ET SEQ.**
**Unfair Competition- Weight of Injury to Consumer.**

The test requires that: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided."

## Jury Instruction Number 73

### CONSUMER PROTECTION LAWS §17200 ET SEQ.
### Unfair Competition- Restitution to Plaintiff

"Restitution" is a form of monetary relief the UCL affords in a private action. Restitution can return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice

## Jury Instruction Number 75

### Elements of Fraud-CACI 1900

Plaintiffs' claim that defendants made a false representation that harmed them.  To establish this claim, Plaintiffs must prove all of the following:
1. That defendants represented to plaintiffs that an important fact was true;
2. That defendants' representation was false;
3. That defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;
4. That defendants intended that plaintiffs rely on the representation;
5. That plaintiffs reasonably relied on defendants' representation;
6. That plaintiffs were harmed; and
7. That plaintiffs' reliance on defendants' representation was a substantial factor in causing plaintiffs' harm.

CACI 1900.

## Jury Instruction Number 76

### Reliance—CACI 1908

In determining whether plaintiffs' reliance on the misrepresentation was reasonable, they must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for plaintiffs to rely on the misrepresentation. In making this decision, take into consideration plaintiffs' intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within his or her observation show that it is obviously false.
CACI 1908.

**Jury Instruction Number 77**

**1907. Reliance**

Plaintiff relied on Defendant Bayview Loan Servicing's misrepresentation or concealment or false promise if:

      1. The misrepresentation/concealment/false promise substantially influenced him to wire additional funds for the force placed flood; and

      2. He would probably not have wired or paid any force place flood insurance funds without the misrepresentation/concealment/false promise.

It is not necessary for a misrepresentation/concealment/false promise to be the only reason for name of plaintiff's conduct.

**<u>Jury Instruction Number 79</u>**

**<u>"Recklessness" Explained</u>**

Defendants acted with "recklessness" if they knew it was highly probable that their conduct would cause harm and they knowingly disregarded this risk.

"Recklessness" is more than just the failure to use reasonable care.

CACI 3113.

## Jury Instruction Number 80

### "Malice" Explained

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.
CACI 3114.

## Jury Instruction Number 81

## "Oppression" Explained

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.
CACI 3115.

## Jury Instruction Number 82

### "Fraud" Explained

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact with the intention of depriving Plaintiff of property or of a legal right or otherwise to cause Plaintiff injury.
CACI 3116.

**Jury Instruction Number 85**

**1905. Definition of Important Fact/Promise**

A fact or promise is important if it would influence a reasonable person's judgment or conduct. A fact or promise is also important if the person who represents or makes it knows that the person to whom the representation or promise is made is likely to be influenced by it even if a reasonable person would not.

## Jury Instruction Number 89 (Same as 90)
### DEFENDANTS PROPOSE
### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Manual of Model Jury Instructions 3.1

## Jury Instruction Number 90 (DUPLICATE AS 89)

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court. You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Jury Instruction Number 91
## DEFENDANTS PROPOSE:
## DEADLOCKED JURY ADMONITION

You should reach a verdict if you reasonably can. You have spent time trying to reach a verdict, and this case is important to the parties so that they can move on with their lives with this matter resolved.

If you are unable to reach a verdict, the case will have to be tried before another jury selected in the same manner and from the same community from which you were chosen and at additional cost to everyone.

Please carefully consider the opinions of all the jurors, including those with whom you disagree. Keep an open mind and feel free to change your opinion if you become convinced that it is wrong.

You should not, however, surrender your beliefs concerning the truth and the weight of the evidence. Each of you must decide the case for yourself and not merely go along with the conclusions of your fellow jurors.
CACI 5013.

**Jury Instruction Number 92**
**DEFENDANTS PROPOSE:**
**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

Ninth Circuit Manual of Model Jury Instructions 3.7

## Jury Instruction Number 95

### 11.3 Bias

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, [or] socioeconomic status[, or [insert any other impermissible form of bias]].

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

## <u>Jury Instruction Number 99</u>
## <u>DEFENDANTS PROPOSE:</u>

## <u>MITIGATION OF DAMAGES</u>

If you decide Defendants are responsible for the original harm, Plaintiffs are not entitled to recover damages for harm that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.
CACI 3930.

### Jury Instruction Number 100

### DEFENDANTS PROPOSE:

### DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:
1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and
2.      the amount by which damages would have been mitigated.
Ninth Circuit Manual of Model Jury Instructions 5.3.

## <u>Jury Instruction Number 102</u>
## <u>4.2  LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE</u>

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Jury Instruction Number 103**
**4.3  LIABILITY OF PARTNERSHIPS—SCOPE OF AUTHORITY**
**NOT IN ISSUE**

A partnership can only act through its employees, agents, or partners.  Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority.

**<u>Jury Instruction Number 104</u>**
**<u>4.4  AGENT AND PRINCIPAL—DEFINITION</u>**

     An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.

[One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

### Jury Instruction Number 105
### 4.5  AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

### Jury Instruction Number 106
### 4.6  ACT OF AGENT IS ACT OF PRINCIPAL—
### SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

## Jury Instruction Number 107
## 1904. Opinions as Statements of Fact

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, [name of defendant]'s opinion is considered a representation of fact if [name of plaintiff] proves that and[[Name of defendant] claimed to have special knowledge about the subject matter that [name of plaintiff] did not have;]

[or ]

[[Name of defendant] made a representation, not as a casual expression of belief, but in a way that declared the matter to be true;]

[or ]

[[Name of defendant] had a relationship of trust and confidence with [name of plaintiff];]

[or ]

[[Name of defendant] had some other special reason to expect that [name of plaintiff] would rely on his or her opinion. ]

## Jury Instruction Number 108
## DEFENDANTS PROPOSE:

### Judge's Commenting on Evidence

In this case, I have exercised my right to comment on the evidence.

However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments. CACI 5016.

### Jury Instruction Number 109
### DEFENDANTS PROPOSE:
### Demonstrative Evidence

During the trial, materials have been shown to you to [help explain testimony or other evidence in the case/[specify other purpose]]. [Some of these materials have been admitted into evidence, and you will be able to review them during your deliberations.

Other materials have also been shown to you during the trial, but they have not been admitted into evidence.] You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.
CACI 5020.

## Jury Instruction Number 110
## DEFENDANTS PROPOSE:

### Demonstrative Evidence

During the trial, materials have been shown to you to [help explain testimony or other evidence in the case/[specify other purpose]]. [Some of these materials have been admitted into evidence, and you will be able to review them during your deliberations.

 Other materials have also been shown to you during the trial, but they have not been admitted into evidence.] You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.
CACI 5020.

## <u>Jury Instruction Number 112</u>
## <u>Causation: Substantial Factor</u>

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

## Jury Instruction Number 113

## Punitive Damages—Entity Defendant—Trial Not Bifurcated

If you decide that [name of defendant]'s conduct caused [name of plaintiff] harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against [name of defendant] only if [name of plaintiff] proves that [name of defendant] engaged in that conduct with malice, oppression, or fraud. To do this, [name of plaintiff] must prove [one of] the following by clear and convincing evidence:

> 1. [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of [name of defendant], who acted on behalf of [name of defendant]; [or]]
> 2. [That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of [name of defendant]; [or]]
> 3. [That one or more officers, directors, or managing agents of [name of defendant] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that [name of defendant] acted with intent to cause injury or that [name of defendant]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that [name of defendant]'s conduct was despicable and subjected [name of plaintiff] to cruel and unjust hardship in knowing disregard of [his/her] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptiblethat it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant] intentionally misrepresented or concealed a material fact and did so intending to harm [name of plaintiff].

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was [name of defendant]'s conduct? In deciding how reprehensible [name of defendant]'s conduct was, you may consider, among other factors:
> 1. Whether the conduct caused physical harm;
> 2. Whether [name of defendant] disregarded the health or safety of others;

3. Whether [name of plaintiff] was financially weak or vulnerable and [name of defendant] knew [name of plaintiff] was financially weak or vulnerable and took advantage of [him/ her/it];

4. Whether [name of defendant]'s conduct involved a pattern or practice; and

5. Whether [name of defendant] acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and [name of plaintiff]'s harm [or between the amount of punitive damages and potential harm to [name of plaintiff] that [name of defendant] knew was likely to occur because of [his/her/its] conduct]?

(c) In view of [name of defendant]'s financial condition, what amount is necessary to punish [him/her/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because [name of defendant] has substantial financial resources. [Any award you impose may not exceed [name of defendant]'s ability to pay.]

[Punitive damages may not be used to punish [name of defendant] for the impact of [his/her/its] alleged misconduct on persons other than [name of plaintiff].]

**<u>Jury Instruction Number 114</u>**
**<u>1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE</u>**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**<u>Jury Instruction Number 115</u>**
**<u>1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE</u>**


When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.


You should base your decision on all of the evidence, regardless of which party presented it.


Comment


See Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence).  See also Murphy v. I.N.S., 54 F.3d 605, 610 (9th Cir.1995) (the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard").

## Jury Instruction Number 116
## Obligation to Prove More Likely True Than Not True

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true. CACI 200

## Jury Instruction Number 117
## 205. Failure to Explain or Deny Evidence

If a party failed to explain or deny evidence against [him/her/it] when [he/she/it] could reasonably be expected to have done so based on what [he/she/it] knew, you may consider [his/her/its] failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

CACI 205


**[PLAINTIFFS OBJECT TO THIS INSTRUCTION IF COURT GRANTS SPECIAL INSTRUCTIONS BASED ON VIOLATION OF RULE 37, INSTRUCTION TO JURY STATING PRESUME THAT THE LOST INFORMATION WAS UNFAVORABLE TO THE PARTY; INSTRUCT THE JURY THAT IT MAY OR MUST PRESUME THE INFORMATION WAS UNFAVORABLE TO THE PARTY**

<u>**Jury Instruction Number 118**</u>
<u>**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**<u>Jury Instruction Number 119</u>**
**<u>COMMUNICATION WITH COURT</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**<u>Jury Instruction Number 120</u>**

**<u>RETURN OF VERDICT</u>**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a
verdict, your presiding juror/foreperson should complete the verdict form according to your
deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.
Ninth Circuit Manual of Model Jury Instructions 3.5

JURY INSTRUCTIONS-OBJECTED

## Table of Contents

| Number | Title | Plaintiffs Citation Source | PAGE NUMBER |
|---|---|---|---|
| Jury Instruction Number 2 | CLAIMS AND DEFENSES | Ninth Circuit Manual of Model Jury Instructions 1.2 | 5 |
| Jury Instruction Number 20 | DEPOSITION IN LIEU OF LIVE TESTIMONY | Ninth Circuit Manual of Model Jury Instructions 2.4 | 6 |
| Jury Instruction Number 21 | EXPERT OPINION | Ninth Circuit Manual of Model Jury Instructions 2.13 | 7 |
| Jury Instruction Number 22 | CHARTS AND SUMMARIES IN EVIDENCE | Ninth Circuit Manual of Model Jury Instructions 2.15 | 8 |
| Jury Instruction Number 23 | EVIDENCE IN ELECTRONIC FORMAT | Ninth Circuit Manual of Model Jury Instructions 2.16 | 9 |
| Jury Instruction Number 24 | THE FDCPA | 15 U.S.C. § 1692A | 10 |
| Jury Instruction Number 25 | FDCPA CLAIM DEFINED | 15 U.S.C. § 1692A | 11 |
| Jury Instruction Number 26 | LEAST SOPHISTICATED CONSUMER STANDARD FDCPA | Hosseinzadeh v. M.R.S. Assocs., Inc. (CD CA 2005) 387 F.Supp.2d 1104, 1110 (citing text); Masuda v. Thomas Richards & Co. (CD CA 1991) 759 F.Supp. 1456, 1465 | 12 |
| Jury Instruction Number 27 | WHAT IS DEBT | 15 U.S.C. § 1692A | 13 |
| Jury Instruction Number 29 | WHAT IS A DEBT COLLECTOR | 15 U.S.C. § 1692A | 14-16 |
| Jury Instruction Number 34 | HARASSMENT OR ABUSE | 15 U.S.C. § 1692d(5); | 17 |
| Jury Instruction Number 41 | FDCPA - STATUTE OF LIMITATIONS | 15 U.S.C. 1692k(d) | 18 |
| Jury Instruction Number 45 | FDCPA EMOTIONAL DAMAGES | McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (2011) | 20-21 |
| Jury Instruction Number 46 | FDCPA-INTENT | 15 U.S.C. 1692k(c) | 22 |

| Jury Instruction Number 47 | THE CALIFORNIA ROSENTHAL ACT | 1788.2 | 23 |
|---|---|---|---|
| Jury Instruction Number 60 | ROSENTHAL ACT - DAMAGES | 1788.30 (a) | 24 |
| Jury Instruction Number 63 | ROSENTHAL ACT- NO CIVIL LIABILITY IF NOT INTENTIONAL | 1788.30(e) | 25 |
| Jury Instruction Number 64 | ROSENTHAL ACT - STATUTE OF LIMITATIONS | 1788.30(f) | 26 |
| Jury Instruction Number 65 | ROSENTHAL ACT- DEBTOR INTENTIONAL VIOLATION | 1788.30(g) | 27 |
| Jury Instruction Number 69 | Business & Professions Code Section 17203 - Injunctive Releif | Business & Professions Code Section 17203 | 28 |
| Jury Instruction Number 70 | Business & Professions Code Section 17208— Statute of Limitations | Business & Professions Code Section 17208 | 29 |
| Jury Instruction Number 71 | CONSUMER PROTECTION LAWS §17200 ET SEQ. UNFAIR COMPETITION- BALANCING TEST. | Paraphrased from Statute | 30 |
| Jury Instruction Number 74 | CONSUMER PROTECTION LAWS §17200 ET SEQ. UNFAIR COMPETITION - VIOLATION OF ANY LAW. | Paraphrased from Statute | 31 |
| Jury Instruction Number 78 | Defense—Statute of Limitations | CACI1925 | 32 |
| Jury Instruction Number 83 | FALSE PROMISE | CACI 1902 | 33 |
| Jury Instruction Number 84 | NEGLIGENT MISREPRESENTATION | CACI 1903 | 34 |

| | | | |
|---|---|---|---|
| Jury Instruction Number 86 | TORT-IN-SE | Joseph v. J.J. Mc Intyre Companies, 238 F. Supp. 2d 1158 (N.D. Cal 2002); See also, Sanchez v. Client Services, Inc., 520 F. Supp. 2d 1149 (N.D. Cal 2007); Panahiasl v. Gurney, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. 2007) | 35 |
| Jury Instruction Number 87 | CALIFORNIA COMMON LAW – TORT-IN-SE DAMAGES | CACI 1820 see Fairfield v. American Photcopy Equipment, 38 Cal. App. 2d 82, 89 (1952) | 36 |
| Jury Instruction Number 88 | TREBLING OF DAMAGES FOR DISABLED PERSONS | CIVIL CODE 3345 | 37 |
| Jury Instruction Number 93 | PUNITIVE DAMAGES | Ninth Circuit Manual of Model Jury Instructions 5.5 | 39 |
| Jury Instruction Number 94 | No Punitive Damages | CACI 3924 | 40 |
| Jury Instruction Number 96 | Removal of Claims or Parties | CACI 5007 | 41 |
| Jury Instruction Number 97 | DAMAGES—PROOF | Ninth Circuit Manual of Model Jury Instructions 5.1 | 42 |
| Jury Instruction Number 98 | MEASURES OF TYPES OF DAMAGES | Ninth Circuit Manual of Model Jury Instructions 5.2 | 43-44 |
| Jury Instruction Number 111 | BONA FIDE ERROR DEFENSE | Paraphrased from Statute | 45 |

## <u>Jury Instruction Number 2</u>

## <u>CLAIMS AND DEFENSES</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

Defendants violated the following provisions of the Federal Debt Collection Practices Act and the Rosenthal Act, California's Fair Debt Collection Practices Act:

Defendants communicated directly with Plaintiffs after having specific knowledge that Plaintiffs were represented by an attorney, and/or

Defendants sent notices of default on loans to Plaintiffs' tenants and had tenants sign certified letters on behalf of Plaintiffs, and/or

Defendants harassed, oppressed, and or abused Plaintiffs by misapplying payments, on their loans, and engaged in false, deceptive and or misleading representations relating to the amount of the debt owed, and/or

Defendants deviated from the terms of the loan to change the principal balance owed, and/or the interest paid and increased the term of the loan, and/or

Defendants threatened to foreclose on Plaintiff Collateralized Properties without an intention that such action be taken by issuing hundreds of erroneous notices of default and failing to record a single one, and/or

Defendants attempted to collect amounts not authorized by agreements or permitted by law, and/or

Defendants accepted post-dated checks by more than five (5) days without three (3) business written notice of intent to deposit, and/or

Defendant deposited post-dated checks prior to the actual date on the check.

Plaintiffs further claim that Defendants violated the California Unfair Competition Law by engaging in the unlawful, unfair and fraudulent business practices, establish by a violation of any law charged against Defendants in this action.

Plaintiffs further claim that Defendants committed fraud against them by intentionally misrepresenting to Plaintiffs that if they agreed to Defendants demand of adding onto the existing payments, the cost for the forced-placed flood insurance premium, then Defendant would timely provide Bank of America with a letter of good standing so that Plaintiffs could refinance their residence. Plaintiffs' claim that after making such payment, Defendant refused to issue the letter of good standing to Bank of America in time.

The plaintiffs have the burden of proving these claims.
The defendant denies those claims.

Defendants have the burden of proof on its affirmative defenses.
The plaintiff deny Defendants affirmative defenses.


[DEFENDANTS OBJECT]

## Jury Instruction Number 20

### 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

---

[DEFENDANTS OBJECT]

PLAINTIFFS HAVE FAILED TO COMPLY WITH LOCAL RULE L.R. 16-2.7 AND 32-1. THERE HAS BEEN NO AGREEMNT TO ALLOW FOR DEPOSITION IN LIEU OF LIVE TESTIMONY. THERE IS NO SHOWING OF UNAVAILABILITY.

### Jury Instruction Number 21
**PLAINTIFFS PROPOSE THE FOLLOWING:**

### 2.11 EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[DEFENDANTS OBJECT]

PLAINTIFFS HAVE NOT COMPLIED WITH THE DISCLOSURE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(2). PLAINTIFFS HAVE NOT DISCLOSED EXPERTS OR PROVIDED WRITTEN REPORTS AS REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(2). DEFENDANTS HAVE FILED A MOTION IN LIMINE TO EXCLUDE ANY EXPERT TESTIMONY AS A RESULT OF PLAINTIFFS' FAILURE TO COMPLY. THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY.

<u>**Jury Instruction Number 22**</u>
**PLAINTIFFS PROPOSE THE FOLLOWING:**

<u>**2.13 CHARTS AND SUMMARIES IN EVIDENCE**</u>

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

[DEFENDANTS OBJECT]

PLAINTIFFS HAVE NOT COMPLIED WITH THE DISCLOSURE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(2). PLAINTIFFS HAVE NOT DISCLOSED EXPERTS OR PROVIDED WRITTEN REPORTS AS REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(2). DEFENDANTS HAVE FILED A MOTION IN LIMINE TO EXCLUDE ANY EXPERT TESTIMONY AS A RESULT OF PLAINTIFFS' FAILURE TO COMPLY.

PLAINTIFFS HAVE NOT DISCLOSED ANY CHARTS OR SUMAMRIES. NONE IS IDENTIFIED ON THE JOINT EXHIBIT LIST. PLAINTIFFS PROVIDED CERTAIN CHARTS THEY INTEND TO USE AT A PRETRIAL CONFERENCE MEETING OF COUNSEL ON MARCH 31, 2016. PLAINTIFFS ADMIT THAT THE CHARTS THEY PROVIDED HAVE BEEN PREPARED BY THE SON OF PLAINTIFF, MASIS BAGDASARYAN, AS TRSUTEE OF THE MASIS AND VERZHIN BAGDASARYAN TRUST. ANY SUCH CHART OR SUMMARY IS INHERENTY MORE PREJUDICIAL THAN PROBATIVE. FEDERAL RULES OF EVIDENCE, RULE 403. THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY

<u>**Jury Instruction Number 23**</u>
**PLAINTIFFS PROPOSE THE FOLLOWING:**

<u>**2.14 EVIDENCE IN ELECTRONIC FORMAT**</u>

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

[DEFENDANTS OBJECT]

PLAINTIFFS HAVE NOT DISCLOSED ANY "EVIDENCE" THEY PLAN TO USE IN ELECTRONIC FORMAT.  NONE IS IDENTIFIED IN THE JOINT EXHIBIT LIST. DEFENDANTS ARE UNAWARE OF ANY EVIDENCE IN ELECTRONIC FORMAT.  ANY SUCH PREVIOUSLY UNDISCLOSED "EVIDENCE" IN ELECTRONIC FORMAT IS INHERENTLY MORE PREJUDICIAL THAN PROBATIVE.  FEDERAL RULES OF EVIDENCE, RULE 403.  THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY.

## Jury Instruction Number 24
## PLAINTIFFS PROPOSE THE FOLLOWING:

### THE FDCPA-BRIEF HISTORY

Plaintiffs have brought this lawsuit against Defendants, based on 15 U.S.C. §1692, et seq., commonly known as the Fair Debt Collection Practices Act, a law that regulates debt collectors. Plaintiffs also allege Defendant violated California common law. In enacting the Fair Debt Collection Practices Act, Congress stated that: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Congress stated that the purpose of the FDCPA was: "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §§1692(a)

[DEFENDANTS OBJECT]

THIS INSUTRCTION IS NOT A RECITATION OF LAW.  IT MISTATES THE STATUTORY PROVISIONS OF THE FDCPA.  IT IS PREJUDICAL.  THERE IS NO NEED FOR A BRIEF HISTORY.  THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY.

## <u>Jury Instruction Number 25</u>
### PLAINTIFFS PROPOSE THE FOLLOWING:

### <u>FDCPA CLAIM</u>

In order for a plaintiff to recover under the FDCPA, there are three threshold requirements:

(1) the plaintiff must be a 'consumer';

(2) the defendant must be a 'debt collector'; and

(3) the defendant must have committed some act or omission in violation of the FDCPA.


Robinson v.Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); see 15 U.S.C. § 1692a(3), (6).

[DEFENDANTS OBJECT]

THIS INSTRUCTION IS UNECESSARY AND DOES NOT FULLY STATE THE STATUTORY REQUIREMENTS.  IT WILL MISLEAD AND CONFUSE THE JURY.

## Jury Instruction Number 26

### PLAINTIFFS PROPOSE THE FOLLOWING:

### LEAST SOPHISTCIATED CONSUMER STANDARD

In determining whether the Defendant violated the FDCPA you are to apply the "least sophisticated consumer" standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. This law was not made for the protection of experts, but for the public--that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. Thus, in reaching your determination of whether Defendant's communications are false or deceptive you must view them through the eyes of the "least sophisticated consumer." Schweizer v. Trans Union Corp., 136 F.3d 233, 237 (2d Cir. 1998); Swanson v. Southern Oregon Credit Service, 869 F.2d 1222, 1225-27 (9th Cir. 1988); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)

[DEFENDANTS OBJECT]

THIS ISSUE DOES NOT DEAL WITH THE ENTIRETY OF THE FDCPA.  THIS INSTRUCTION IS MISEALDING AND WILL CONFUSE THE JURY.  Robinson, AS CITED BY PLAINTIFFS, DEALT WITH A CLAIM UNDER 1692e. WHICH PROVIDES AS FOLLOWS:

FALSE OR MISLEADING REPRESENTATIONS A DEBT COLLECTOR MAY NOT USE ANY FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION OR MEANS IN CONNECTION WITH THE COLLECTION OF ANY DEBT. WITHOUT LIMITING THE GENERAL APPLICATION OF THE FOREGOING, THE FOLLOWING CONDUCT IS A VIOLATION OF THIS SECTION:

AS SET FORHT BY DEFENANTS IN THE [PROPOSED] PRETRIAL CONFERENCE ORDER, THE ISSUE IS TO BE DECIDED BY THE COURT, NOT A JURY.  LIABILITY UNDER 15 U.S.C. SECTION 1692e, PART OF PLAINTIFFS' FIRST CAUSE OF ACTION IS AN ISSUE OF LAW.  Gonzalez v. Arrow Financial 660 F.3d 1055 (2011) fn 3.  WHETHER A COLLECTION LETTER IS DECEPTIVE, APPLYING THE LEAST SOPHISTICATED DEBTOR STANDARD, IS TO BE DETERMINED BY THE COURT.  Dupuy v. Weltman, Wienberg & Reis Co., (2006) 270 442 F. Supp. 2d 822; Terran v. Kaplan (1997) 109 F.3d 1428

### Jury Instruction Number 27

**PLAINTIFFS CONTEND THAT THIS INSTRUCTION IS UNECESSARY SINCE THE COURT HAS ALREADY FOUND THAT PLAINTIFF IS A CONSUMER AND THE PROPER PARTY FOR THE FDCPA CLAIM THE ONLY THRESHOLD ISSUE REMAINING IS WHETHER OR NOT THERE HAS BEEN A VIOLATION OF THE FDCPA AND/OR ROSENTHAL ACT]**

**PLAINTIFFS ALTERNATIVELY PROPOSE THE FOLLOWING:**

## DEFINITION OF A DEBT

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. An obligation to pay money is a "debt" whether or not a court judgment has been entered on the obligation. 15 U.S.C. § 1692a(5).

To determine whether a debt falls under this definition, you may look to the ostensible purpose for which the obligation was entered into, but it is the funds' actual use that is paramount.[ Ellisv. Phillips and Cohen Assocs., Ltd., No. CV 14–5539 EJD, 2015 WL 4396375, at *4, (N.D. Cal. July 17, 2015) (quoting Davis v. Hollins Law, 968 F.Supp.2d 1072, 1077 (E.D. Cal. 2013)]

Although the loans were secured by commercial properties, Plaintiffs allege the loans were intended for the purpose of repairing all the properties, the majority of which were residential, and refinancing personal loans.

[DEFENDANTS OBJECT AND PURPOSE] THE SECOND AND THIRD PARAGRAPHS ARE UNECESSARY AND WILL CONFUSE THE JURY.

THE THIRD PARAGRAPH IS A STATEMENT OF AN ALLEGED CLAIM THAT DOES NOT BELONG IN A STATEMENT OF LAW CONSISTING OF A JURY INSTRUCTION.  IT IS ALOS ARGUMENT.

BOTH THE SECOND AND THIRD PARAGRAPHS ARE PREJUDICIAL.

DEFENDANTS PROPOSE:

1692a—Definitions

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. 1692a(5)

## Jury Instruction Number 29

**PLAINTIFFS CONTEND THAT THIS INSTRUCTION IS UNECESSARY SINCE THE
COURT HAS ALREADY FOUND THAT THE DEFENDANTS ARE DEBT
COLLECTORS; THE ONLY THRESHOLD ISSUE REMAINING IS WHETHER OR
NOT THERE HAS BEEN A VIOLATION OF THE FDCPA AND/OR ROSENTHAL
ACT]**

### PLAINTIFFS ALTERNATIVELY PROPOSE THE FOLLOWING:

### DEFINITION OF A "DEBT COLLECTOR"

The term "debt collector" means any person who uses any instrumentality of interstate
commerce or the mails in any business:

(1) whose principal purpose is debt collection; or,

(2) who regularly collects or attempts to collect debts, directly or indirectly.

The term "debt collector" also means any person who acquired a debt by purchase or assignment
and seeks to collect that debt, if the debt was in default at the time it was acquired by the person.

15 U.S.C. § 1692a(6); 15 U.S.C. § 1692a(6)(F); Romine v. Diversified, 155 F.3d 1142, 1146 (9th
Cir. 1998); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003), Pollice v.
National Tax Funding, 225 F.3d 379, 403-405 (3rd Cir. 2000), Munoz v. Pipestone Financial,
LLC, 397 F. Supp. 2d 1129, 1133 (D. MN 2006), Hernandez v. Midland Credit Mgmt., 2007
U.S. Dist. LEXIS 16054 (N.D. Ill. 2007).

[DEFENDANTS OBJECT]

THE INSTRUCTION DOES NOT FULLY STATE THE STATUTE.  IT WILL MISLEAD
AND CONFUSE THE JURY.

DEFENDANTS' PROPOSED INSTRUCTION OFFERS THE LAW AS IT REGARDS THE
DEFINITION OF A DEBT COLLECTOR AND THAT A LOAN SERVICER, HERE
DEFENDANTS, ARE NOT DEBT COLLECTORS.

### DEFENDANTS PROPOSE:

### 1692a—Definitions

The term "debt collector" means any person who uses any instrumentality of interstate
commerce or the mails in any business the principal purpose of which is the collection of any
debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or
asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the

last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

 (i)  is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;

(ii)  concerns a debt which was originated by such person;

(iii)  concerns a debt which was not in default at the time it was obtained by such person; or

(iv)  concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. 1692a(6).

A loan servicer is not a "debt collector" under 15 U.S.C. Section 1692a(6), which the statute defines as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

A "debt collector" cannot be "any person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. Section 1692a(6)(F)(iii). Creditors and loan servicers are not "debt collectors" for purposes of the FDCPA if they acquired or began servicing a loan prior to the debtor defaulting. See, e.g., Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009); Carter v. AMC, LLC, 645 F.3d 840, 843 (7th Cir. 2011); Brumberger v. Sallie Mae Servicing Corp., 84 F. App'x 458 (5th Cir. 2004); Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir. 1996); Freeman v. Great Lakes Educ. Loan Servs., No. 3:12-cv-331, 2013 WL 2355541, at *6 (N.D. Fla. May 28, 2013); Monroe v. CitiMortgage, Inc., No. 8:07-cv-0066, 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007); Mondonedo v. Sallie Mae, Inc., No. 07-4059, 2009 WL 801784, at *5 (D. Kan. Mar. 25, 2009); Ramirez-Alvarez v. Aurora Loan Servs., LLC, No. 1:09-cv-1306, 2010 WL 2934473, at *5 (E.D. Va. July 21, 2010); see also Senate Report 382 [S.Rep. No. 95-382] (August 2,. 1977), S. REP. No. 95-382, 3–4 (1977) ("[T]he committee does not intend the definition to cover . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing . . .").

The provisions of the FDCPA do not apply to entities acting to collect a debt owed to themselves.

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." Id. § 1692(e). The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). Creditors who use a third party name to collect on their own debts are also considered debt collectors under the Act. See id.

A debt collector, however, is not any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is (i) incidental to a bona fide fiduciary organization or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor. Id. § 1692a(F).

Thomason  v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 724 (E.D.La. 2001)

## Jury Instruction Number 34
## PLAINTIFFS PROPOSE THE FOLLOWING:

### -VIOLATION OF FDCPA 15 U.S.C. §1692d(5);  -

### HARASSMENT OR ABUSE

The Fair Debt Collection Practices Act states it is a violation for any debt collector to engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Conduct is harassing, oppressive, or abusive if the natural consequences of the conduct would make a person whose circumstances make him or her more susceptible to harassment, oppression, or abuse feel harassed, oppressed, or abused. 15 U.S.C. §1692d(5); Sanchez v. Client Services, Inc., 520 F. Supp. 2d 1149 (N.D. Cal. 2007), Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443 (D. Nev. 1994), oseph v. J. J. McIntyre, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002), Jeter v. Credit Bureau, Inc.,760 F.2d 1168, 1179 (11th Cir.1985), Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104 (C.D. Cal. 2005); Chiverton v. Federal Fin. Group, Inc., 399 F.Supp.2d 96 (D. Conn. 2005).

[DEFENDANTS OBJECT]

THE PROPOSED JURY INSTRUCTION IS NOT A FAIR STATEMENT OF THE APPLICABLE LAW AND IS PREJUDICIAL.  THE AUTHORITIES CITED DO NOT STAND FOR THE PROPOSITION REALTIVE TO "CONDUCT".  SECTION 1692d(5) DOES NOT STATE WHAT PLAINTIFFS' PROPOSE.  THE CONDUCT ALLEGED TO BE VILAOTIVE OF 15 USC 1692d(5) IS TELEPHONE CALLS.  PLAINTIFFS PROPOSED INSTRUCTIONS IS OVERBROAD.  DEFENDANTS PROPOSED INSTRUCTION SETS FORTH 15 USC 1692d(5).

DEFENDANTS PROPOSE:

Violation of 15 U.S.C. 1692d(5)

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. 1692d(5)

**Jury Instruction Number 41**

**PLAINTIFFS PURPOSE THAT SINCE THE COURT HAS ALREADY ESTABLISHED
TOLLING ON ALL THE CLAIMS EXCEPT FOR THE FOLLOWING THREE, THIS
INSTRUCTION IS UNNECESSARY:** "The court has already concluded that equitable
tolling applies to each claim except for the following three areas as highlighted in
the following text from the January 29th, 2016 order: "the Court concludes that
equitable tolling applies to each claim: (1) however, the allegation of reporting
lapses of insurance coverage is nevertheless barred by the applicable statute of
limitations; (2) the allegation of false reporting to credit bureaus is not barred; and
(3) the allegation of communicating false information to credit bureaus is also not
barred." January 29th, 2016 order.""

**PLAINTIFFS ALTERNATIVELY PROPOSE THE FOLLOWING:**

**- FDCPA - STATUTE OF LIMITATIONS 15 U.S.C. 1692k(d)-**

A *private lawsuit* under the Federal FDCPA must be brought within *one year* of the date of the
violation.

The "discovery rule" applies to statutes of limitations in federal litigation unless the applicable
statute otherwise provides. According to the Ninth Circuit, therefore, the Federal FDCPA one-
year statute does not begin to run until the plaintiff *discovers*, or in the exercise of reasonable
diligence *should have discovered*, the Federal FDCPA violation.

[Mangum v. Action Collection Service, Inc., supra, 575 F3d at 940-941; Huy Thanh Vo v.
Nelson & Kennard (ED CA 2013) 931 F.Supp.2d 1080, 1086]

The statute of limitations for a debt collector's alleged inaccurate reporting of a debt to a credit
reporting agency began to run when the debtor obtained the credit report evidencing possible
violation.

[Akalwadi v. Risk Mgmt. Alternatives, Inc. (D MD 2004) 336 F.Supp.2d 492, 501]

The § 1692k(d) limitations period may be equitably tolled to uphold the filing of suit beyond one
year.

[See Parker v. Pressler & Pressler, LLP (D NJ 2009) 650 F.Supp.2d 326, 338

Federal FDCPA statute of limitations "is subject to equitable tolling in appropriate
circumstances.

Marshall-Mosby v. Corporate Receivables, Inc. (7th Cir. 2000) 205 F3d 323, 327

[DEFENDANTS OBJECT]

[DEFENDANTS OBJECT AND PROPOSE]
PLAINTIFFS PROPSOED ISNTRUCTION MISELADS AND CONFUSES THE JURY.
THERE HAS BEEN NO CLAIM SUPPORTED BY ANY EVIDENCE OF "EQUITABLE
TOLLING". THE LAW ON EQUITABLE TOLLING DOES NOT APPLY HERE.
EQUITABLE TOLLING IS TO BE USED SPARINLGY:
EQUITABLE TOLLING IS AN EXTRAORDINARY REMEDY THAT PERMITS A
COURT—SPARINGLY—TO WAIVE A STATUTE OF LIMITATIONS "WHEN A
PLAINTIFF HAS `BEEN PREVENTED FROM FILING IN A TIMELY MANNER DUE TO
SUFFICIENTLY INEQUITABLE CIRCUMSTANCES.'" Santos v. United States, 559 F.3d 189,
197 (3d Cir.2009) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d
Cir.1999)). THE DOCTRINE WILL APPLY: "(1) WHERE THE DEFENDANT HAS
ACTIVELY MISLED THE PLAINTIFF RESPECTING THE PLAINTIFFS CAUSE OF
ACTION; (2) WHERE THE PLAINTIFF IN SOME EXTRAORDINARY WAY HAS BEEN
PREVENTED FROM ASSERTING HIS OR HER RIGHTS; OR (3) WHERE THE PLAINTIFF
HAS TIMELY ASSERTED HIS OR HER RIGHTS MISTAKENLY IN THE WRONG
FORUM." ID. (INTERNAL CITATIONS OMITTED). THE DOCTRINE IS NOT A
SUBSTITUTE FOR "GARDEN VARIETY CLAIM[S] OF EXCUSABLE NEGLECT," IRWIN
V. DEP'T OF VETERANS AFFAIRS, 498 U.S. 89, 96, 111 S.CT. 453, 339*339 112 L.ED.2D
435 (1990), AND THUS WILL NOT OPERATE UNLESS THE PLAINTIFF "EXERCISED
DUE DILIGENCE IN PURSUING AND PRESERVING HER CLAIM." Santos, 559 F.3d at
197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453).
Parker v. Pressler & Pressler, LLP (D NJ 2009) 650 F.Supp.2d 326, 338-339.

DEFENDANTS PROPOSE:
15 U.S.C. 1692k(d)—STATUTE OF LIMITATIONS

Defendants contend that plaintiffs' lawsuit was not filed within the time set by law. To succeed
on this defense, defendants must prove that plaintiffs' claimed harm occurred before August 26,
2013.
15 U.S.C. 1692k(d).

### Jury Instruction Number 45

**PLAINTUFFS CONTEND THAT THIS COURT HAS ALREADY ESTABLISHED THAT PLAINTIFF IS A CONSUMER AND THAT MASIS BAGDASARYAN AS TRUSTEE IS THE PROPER PLAINTIFF FOR THE FDCPA CLAIMS. THIS DOES NOT PRECLUDE DAMAGES AWARDED TO THE PROPER PARTY OF AN FDCPA CLAIM WHICH IS MADE AVAILABLE UNDER THE STATUTE. SINCE ACTUAL DAMAGES INCLUDES EMOTIONAL DISTRESS IT IS PROPER FOR TH EPLAINTIFF TO OBTAIN SUCH DAMAGES.**

### PLAINTIFFS PROPOSE THE FOLLOWING:

### FDCPA EMOTIONAL DAMAGES

Actual damages include damages for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock and the like. It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law.

The law does require, however, that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment. The compensation must be just and reasonable.

**McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (2011)**

[DEFENDANTS OBJECT]

[DEFENDANTS OBJECT]

THERE IS NO INDIVIDUAL CLAIMANT HERE.  FORMER INDIVIDUAL PLAINTIFFS, MASIS BAGDASARYAN AND VERZHIN BAGDASARYAN, HAVE BEEN DISMISSED WITH PREJUDICE AS PARTY PLAINTIFFS IN THEIR INDIVIDUAL CAPACITIES PURSUANT TO THIS COURT'S ORDER OF MARCH 22, 2016 ON DEFENDANTS' MOTION TO DISMISS, DOCUMENT #117, SEE SPECIFICALLY PAGE 3 OF 5, PAGE ID# 1447  AND THIS COURT'S ORDER OF JANUARY 26, 2016 ON DEFENDANTS' MOTION TO DISMISS AS DISCUSSED IN THIS COURT'S ORDER OF MARCH 22, 2016, DOCUMENT #117, SEE SPECFICALLY  PAGE 2 OF 5, PAGE ID# 1446.
MASIS BAGDASARYAN, IS ONLY A PLAINTIFF IN HIS CAPACITY AS THE TRUSTEE OF THE MASIS AND VERZHIN BAGDASARYAN TRUST AS STED IN THIS COUT'S

ORDER OF MARCH 22, 2016.  DOCUMENT #117, PAGE 3 OF 5, PAGE ID# 1447.  HE AHS NO INDIVUDLA CLAIM WARRENTING A JURY INSTRUCTION ON EMOTIONAL DISTRESS DAMAGES.

FORMER PLAINTIFF MASIS BAGDASARYAN IN HIS INDIVIDUAL CAPACITY HAD ALLEGED A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BUT THAT CLAIM HAS SINCE BEEN DISMISSED AND IS NO LONGER PART OF PLAINTIFFS' ACTION AS SET FORTH IN PLAINTIFFS' FOURTH AMENDED COMPLAINT AS DISMISSED AND STRUCK BY THIS COURT'S ORDER OF MARCH 22, 2016.

THE FINDING OF "DISABLED PERSON" REQUIRES EXPERT TESTIMONY. PLAINTIFFS HAVE NOT COMPLIED WITH THE DISCLOSURE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(2).  PLAINTIFFS HAVE NOT DISCLOSED EXPERTS OR PROVIDED WRITTEN REPORTS AS REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(2).  DEFENDANTS HAVE FILED A MOTION IN LIMINE TO EXCLUDE ANY EXPERT TESTIMONY AS A RESULT OF PLAINTIFFS' FAILURE TO COMPLY.  THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY.

## Jury Instruction Number 46

### 15 U.S.C. 1692k(c) —Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. 1692k(c).

[PLAINTIFFS OBJECTIONS, TO REPLACE AS BONAFIDE ERROR DEFENSE] THE FDCPA IS A STRICT LIABILITY STATUTE MERELY NOT HAVING INTENT TO CARRYOUT THE VIOLATION IS NOT A DEFENSE TO THAT VIOLATION. THE BONA FIDE ERROR DEFENSE DEBT COLLECTOR MUST SHOW ALL THREE MATTERS BY A PERPONDERANCE OF THE EVIDENCE EMPHASIZING THE TRHEE PARTS OF THE BONA FIDE ERROR DEFENSE]

THOSE THREE PARTS ARE:
1. THE VIOLATION WAS NOT INTENTIONAL;
2. THE VIOLATION WAS THE RESULT OF A BONA FIDE ERROR; AND,
3. THE VIOLATION OCCURRED EVEN THOUGH THE DEBT COLLECTOR MAINTAINED PROCEDURES REASONABLY ADAPTED TO CHECK FOR AND AVOID THE SPECIFIC ERROR.

<u>**Jury Instruction Number 47**</u>
**PLAINTIFFS PROPOSE THE FOLLOWING:**

<u>**THE CALIFORNIA "ROSENTHAL ACT" –OR- CALIFORNIA FDCPA**</u>

<u>**1788.1**</u>

      California Civil Code §§ 1788 et seq. Is referred to as the Rosenthal Act. The Rosenthal Act was established to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other. To prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

[DEFENDANTS OBJECT]

THERE IS NO NEED FOR THIS INSTRUCTION.  IT IS PREJUDICIAL AND WILL CONFUSE AND MISLEAD THE JURY.  PLAINTIFFS CITE NO AUTHORITY FOUNDED IN LAW TO ISSUE THIS INSTRUCTION TO THE JURY.

**<u>Jury Instruction Number 60</u>**
**<u>DEFENDANTS PROPOSE:</u>**
**<u>Civil Code Section 1788.30--Damages</u>**

Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.
California Civil Code Section 1788.30(a).

**<u>[PLAINTIFFS OBJECTION and PROPOSE]</u>**

**<u>Jury Instruction Number 60</u>**
**<u>DEFENDANTS PROPOSE:</u>**
**<u>Civil Code Section 1788.30--Damages</u>**

Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.

Actual damages encompasses emotional distress such as humiliation, embarrassment, fear, nervousness, difficulty eating and sleeping, lack of concentration, and anxiety.

No Expert Testimony is needed to prove damages the Plaintiffs testimony alone can be considered sufficient or corroborating testimony by another witness. (Powell v. Blackrock Asset Management, LLC, 2011 WL 4551450, *4 (C.D. Cal. 2011).)

California Civil Code Section 1788.30(a).

## **Jury Instruction Number 63**
## **DEFENDANTS PROPOSE**
## **Civil Code Section 1788.30—No liability if not intentional**

A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

## **California Civil Code Section 1788.30(e).**

[PLAINTIFFS OBJECTIONS and PURPOSE]

STRIKING DEFENDANTS TITLE OF "NO LIABILITY IF NOT INTENTIONAL" AS MISLEADING THIS IS NOT THE FULL BONA FIDE ERROR DEFENSE. FDCPA VIOLATION IS STRICT LIABILITY.

## Jury Instruction Number 64

### DEFENDANTS PROPOSE:
### Civil Code Section 1788.30—Statute of Limitations

Defendants contend that plaintiffs' lawsuit was not filed within the time set by law. To succeed on this defense, defendants must prove that plaintiffs' claimed harm occurred before August 26, 2013.

California Civil Code Section 1788.30(f).

---

[PLAINTIFFS OBJECT]

EQUITABLE TOLLING AND "DISCOVERY RULE" - Tolling

**THE COURT CONCLUDES THAT EQUITABLE TOLLING APPLIES TO EACH CLAIM: (1) HOWEVER, THE ALLEGATION OF REPORTING LAPSES OF INSURANCE COVERAGE IS NEVERTHELESS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS; (2) THE ALLEGATION OF FALSE REPORTING TO CREDIT BUREAUS IS NOT BARRED; AND (3) THE ALLEGATION OF COMMUNICATING FALSE INFORMATION TO CREDIT BUREAUS IS ALSO NOT BARRED." JANUARY 29TH, 2016 ORDER.**

## Jury Instruction Number 65

## Civil Code Section 1788.30--Damages

A debt collector has no liability if the debtor intentionally violated the provisions of this title if such violation is pertinent or relevant to any claim or action brought against the debt collector by or on behalf of the debtor.
California Civil Code Section 1788.30(g).

---

[PLAINTIFFS OBJECT]

THERE IS NO NEED FOR THIS INSTRUCTION.  IT IS PREJUDICIAL AND WILL CONFUSE AND MISLEAD THE JURY.

**<u>Jury Instruction Number 69</u>**
**<u>DEFENDANTS PROPOSE:</u>**
**<u>Business & Professions Code Section 17203—no monetary remedy</u>**
Plaintiffs are not entitled to monetary remedy for any act constituting unfair competition .
Business & Professions Code Section 17203; Korea Supply Co. v. Lockheed Martin Corp.
(2003) 29 Cal.4th 1134, at 1147.

[PLAINTIFFS OBJECTIONS]

MISLEADING AS TO "MONETARY REMEDY" RESTITUTION INVOLVES MONEY
BEING RESTORED.

THE SAME CASE CITED BY DEFENDANTS STATES THAT "THE BREADTH OF
STANDING UNDER THIS ACT ALLOWS ANY CONSUMER TO COMBAT UNFAIR
COMPETITION BY SEEKING AN INJUNCTION AGAINST UNFAIR BUSINESS
PRACTICES. ACTUAL DIRECT VICTIMS OF UNFAIR COMPETITION MAY OBTAIN
RESTITUTION AS WELL. IN ADDITION, WE NOTE THAT OUR DECISION DOES NOT
FORECLOSE ALL RELIEF TO PLAINTIFF."

**<u>Jury Instruction Number 70</u>**
**<u>DEFENDANTS PROPOSE:</u>**
**<u>Business & Professions Code Section 17208—Statute of Limitations</u>**

Defendants contend that plaintiffs' lawsuit was not filed within the time set by law. To succeed on this defense, defendants must prove that plaintiffs' claimed harm occurred before August 26, 2010.


[PLAINTIFFS OBJECT]

EQUITABLE TOLLING AND "DISCOVERY RULE" - Tolling

**THE COURT CONCLUDES THAT EQUITABLE TOLLING APPLIES TO EACH CLAIM: (1) HOWEVER, THE ALLEGATION OF REPORTING LAPSES OF INSURANCE COVERAGE IS NEVERTHELESS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS; (2) THE ALLEGATION OF FALSE REPORTING TO CREDIT BUREAUS IS NOT BARRED; AND (3) THE ALLEGATION OF COMMUNICATING FALSE INFORMATION TO CREDIT BUREAUS IS ALSO NOT BARRED." JANUARY 29TH, 2016 ORDER.**

## Jury Instruction Number 71

## CONSUMER PROTECTION LAWS §17200 ET SEQ.
## Unfair Competition-Balancing Test.

The finding of a violation requires "'an examination of [the] impact [of the defendant's conduct] on the Plaintiffs, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim....'"

[DEFENDANTS OBJECT]

THERE IS NO NEED FOR THIS INSTRUCTION.  IT IS PREJUDICIAL AND WILL CONFUSE AND MISLEAD THE JURY.  PLAINTIFFS CITE NO AUTHORITY FOUNDED IN LAW TO ISSUE THIS INSTRUCTION TO THE JURY.

**Jury Instruction Number 74**

**CONSUMER PROTECTION LAWS §17200 ET SEQ.**
**Unfair Competition - Violation of any Law.**

If you find that Defendants have been in violation of any of the Consumer Protection law such as
the FDCPA or the Rosenthal FDCPA, or committed fraud that cannot be justified in terms of its
impact on the Plaintiffs then you may find the Defendant has violate the Unfair Competition
Law.


[DEFENDANTS OBJECT]

THIS INSTRUCTION IS PREJUDICIAL AND WILL CONFUSE AND MISLEAD THE
JURY.  PLAINTIFFS CITE NO AUTHORITY FOUNDED IN LAW TO ISSUE THIS
INSTRUCTION TO THE JURY.   THIS IS ARGUMENT.

**Jury Instruction Number 78**
**DEFENDANTS PROPOSE:**
**Defense—Statute of Limitations—CACI 1925**

Defendants contend that plaintiffs' lawsuit was not filed within the time set by law. To succeed on this defense, defendants must prove that plaintiffs' claimed harm occurred before August 26, 2011.
CACI 1925.

[PLAINTIFFS OBJECT]

EQUITABLE TOLLING AND "DISCOVERY RULE" - Tolling

**THE COURT CONCLUDES THAT EQUITABLE TOLLING APPLIES TO EACH CLAIM: (1) HOWEVER, THE ALLEGATION OF REPORTING LAPSES OF INSURANCE COVERAGE IS NEVERTHELESS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS; (2) THE ALLEGATION OF FALSE REPORTING TO CREDIT BUREAUS IS NOT BARRED; AND (3) THE ALLEGATION OF COMMUNICATING FALSE INFORMATION TO CREDIT BUREAUS IS ALSO NOT BARRED." JANUARY 29TH, 2016 ORDER.**

## Jury Instruction Number 83

### 1902. False Promise

PLAINTIFF claims he was harmed because BAYVIEW LOAN SERVICING made a false promise. To establish this claim, PLAINTIFF must prove all of the following:

1. That BAYVIEW LOAN SERVICING made a promise to PLAINTIFF;
2. That BAYVIEW LOAN SERVICING did not intend to perform this promise when they made it;
3. That BAYVIEW LOAN SERVICING intended that PLAINTIFF rely on this promise;
4. That PLAINTIFF reasonably relied on BAYVIEW LOAN SERVICING's promise;
5. That BAYVIEW LOAN SERVICING did not perform the promised act;
6. That PLAINTIFF was harmed; and
7. That PLAINTIFF's reliance on BAYVIEW LOAN SERVICING's promise was a substantial factor in causing his harm.

---

[DEFENDANTS OBJECTION]

THERE IS NO "TORT IN SE" CLAIM.   THE ONLY REAMINING CLAIMS ARE AS FOLLOWS:

1.      VIOLATION OF FDCPA BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST;

2.      VIOLATION OF ROSENTHAL ACT BROUGHT BY THE MASIS AND VERZHYN BAGDASARYAN TRUST;

3.      VIOLATION OF CAL. BUSIENSS & PROFESSIONS CODE SECTION 17200 BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHIN BAGDASARYAN TRUST;

4.      FRAUD BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST.

SEE THIS COURT'S ORDER OF MARCH 22, 2016, DOCUMENT 117, PAGES 3 AND 4 OF 5, PAGE ID#S 1447 AND 1448.

## <u>Jury Instruction Number 84</u>

### <u>1903. Negligent Misrepresentation</u>

[Name of plaintiff] claims [he/she/it] was harmed because [name of defendant] negligently misrepresented a fact. To establish this claim, [name of plaintiff] must prove all of the following:

    1. That [name of defendant] represented to [name of plaintiff] that a fact was true;

    2. That [name of defendant]'s representation was not true;

    3. That [although [name of defendant] may have honestly believed that the representation was true,] [[name of defendant]/he/she ] had no reasonable grounds for believing the representation was true when [he/she] made it;

    4. That [name of defendant] intended that [name of plaintiff] rely on this representation;

    5. That [name of plaintiff] reasonably relied on [name of defendant]'s representation;

    6. That [name of plaintiff] was harmed; and7. That [name of plaintiff]'s reliance on [name of defendant]'s representation was a substantial factor in causing [his/her/its ] harm.

[DEFENDANTS OBJECTION]

## Jury Instruction Number 86
## TORT-IN-SE

Defendants are liable for tort-in-se if they violated any public statute that was intended to protect the Plaintiffs. If the jury finds Defendant has committed a violation of the Fair Debt Collection Practices Act, then the jury must find Defendant also committed a tort-in-se.

Joseph v. J.J. Mc Intyre Companies, 238 F. Supp. 2d 1158 (N.D. Cal 2002); See also, Sanchez v. Client Services, Inc., 520 F. Supp. 2d 1149 (N.D. Cal 2007); Panahiasl v. Gurney, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. 2007).

[DEFENDANTS OBJECTION]

## <u>Jury Instruction Number 87</u>

### CALIFORNIA COMMON LAW – TORT-IN-SE DAMAGES

If you decide that either Plaintiff has proved his or her Tort-in-se claim against Defendant, you also must decide how much money will reasonably compensate the Plaintiff for the harm. This compensation is called "damages." The amount of damages must include an award for all harm that was caused by Defendant even if the particular harm could not have been anticipated. Plaintiffs must prove the amount of his or her damages.

However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs:
• Mental anguish, mental suffering, anxiety, fear, humiliation, embarrassment, emotional distress, loss of sleep, crying fits; No fixed standard exists for deciding the amount of damages for this type of harm.

You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

California Civil Jury Instructions, Judicial Council of California, No. 1820. Damages. Fairfield v. American Photcopy Equipment, 38 Cal. App. 2d 82, 89 (1952)("'In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff")

___

[DEFENDANTS OBJECTION]

THERE IS NO "TORT IN SE" CLAIM.   THE ONLY REAMINING CLAIMS ARE AS FOLLOWS:

1.    VIOLATION OF FDCPA BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST;

2.    VIOLATION OF ROSENTHAL ACT BROUGHT BY THE MASIS AND VERZHYN BAGDASARYAN TRUST;

3.    VIOLATION OF CAL. BUSIENSS & PROFESSIONS CODE SECTION 17200 BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST;

4.    FRAUD BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST.

SEE THIS COURT'S ORDER OF MARCH 22, 2016, DOCUMENT 117, PAGES 3 AND 4 OF 5, PAGE ID#S 1447 AND 1448.

## Jury Instruction Number 88

## CIVIL CODE 3345 – TREBLING OF DAMAGES FOR DISABLED PERSONS

This section applies to actions brought by disabled person, as that term is defined by Civil Code §1761, to redress unfair or deceptive acts or practices. The jury may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than the amount the jury imposed as damages under the FDCPA and Rosenthal Act.

The jury shall consider the following factors, in addition to other appropriate facts, in determining the amount of the fine, penalty or other remedy to impose.
(1) Whether the defendant knew or should have known that his or her conduct was directed to a senior citizen or disabled person.
(2) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct. Civil Code §3345

---

[DEFENDANTS OBJECTION]

THERE IS NO "DISABLED PERSON" CLAIM.  THERE HAS NEVER BEEN ANY ALLEGATION THAT ANY OF THE PLAITNIFFS IS A DISABLED EPRSON.  THE ONLY REAMINING CLAIMS ARE AS FOLLOWS:

1.      VIOLATION OF FDCPA BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST;

2.      VIOLATION OF ROSENTHAL ACT BROUGHT BY THE MASIS AND VERZHYN BAGDASARYAN TRUST;

3.      VIOLATION OF CAL. BUSIENSS & PROFESSIONS CODE SECTION 17200 BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST;

4.      FRAUD BROUGHT BY MASIS BAGDASARYAN IN HIS CAPACITY AS TREUSTEE OF THE MASIS AND VERZHYN BAGDASARYAN TRUST.

SEE THIS COURT'S ORDER OF MARCH 22, 2016, DOCUMENT 117, PAGES 3 AND 4 OF 5, PAGE ID#S 1447 AND 1448.

THERE IS NO INDIVIDUAL CLAIMANT HERE. FORMER INDIVIDUAL PLAINTIFFS, MASIS BAGDASARYAN AND VERZHIN BAGDASARYAN, HAVE BEEN DISMISSED WITH PREJUDICE AS PARTY PLAINTIFFS IN THEIR INDIVIDUAL CAPACITIES PURSUANT TO THIS COURT'S ORDER OF MARCH 22, 2016 ON DEFENDANTS' MOTION TO DISMISS, DOCUMENT #117, SEE SPECIFICALLY PAGE 3 OF 5, PAGE ID# 1447 AND THIS COURT'S ORDER OF JANUARY 26, 2016 ON DEFENDANTS' MOTION TO DISMISS AS DISCUSSED IN THIS COURT'S ORDER OF MARCH 22, 2016, DOCUMENT #117, SEE SPECFICALLY PAGE 2 OF 5, PAGE ID# 1446.

MASIS BAGDASARYAN, IS ONLY A PLAINTIFF IN HIS CAPACITY AS THE TRUSTEE OF THE MASIS AND VERZHIN BAGDASARYAN TRUST AS STED IN THIS COUT'S ORDER OF MARCH 22, 2016. DOCUMENT #117, PAGE 3 OF 5, PAGE ID# 1447. HE AHS NO INDIVUDLA CLAIM WARRENTING A JURY INSTRUCTION ON EMOTIONAL DISTRESS DAMAGES.

FORMR PLAINTIFF MASIS BAGDASARYAN IN HIS INDIVIDUAL CAPACITY HAD ALLEGED A CLAIM FOR INTENTIONAL INFLCITION OF EMOTIONAL DISMTIRES BUT THAT CLAIM AHS SINCE BEEN DISMISSED AND IS NO LONGER APRT OF PLAINTIFFS' ACTION ASSET FORHT IN PLAITNIFFS' FOURTH AMENDED COMPLAINT AS DISMISSED AND STRUCK BY THIS COURT'S ORDER OF MARCH 22, 2016.

THE FINDING OF "DISABLED PERSON" REQUIRES EXPERT TESTIMONY. PLAINTIFFS HAVE NOT COMPLIED WITH THE DISCLOSURE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(a)(2). PLAINTIFFS HAVE NOT DISCLOSED EXPERTS OR PROVIDED WRITTEN REPORTS AS REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(2). DEFENDANTS HAVE FILED A MOTION IN LIMINE TO EXCLUDE ANY EXPERT TESTIMONY AS A RESULT OF PLAINTIFFS' FAILURE TO COMPLY. THIS INSTRUCTION IS UNECESSARY AND WILL CONFUSE THE JURY.

## Jury Instruction Number 93
## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages. You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff. If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case]. [In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.] [Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

---

[DEFENDANTS OBJECTION]
DEFENDANTS HAVE REQUESTED BIFURCATION OF PUNTIVE DAMAGES, TO BE TRIED ONLY FOLLOWING A FINDING OF LIABILITY ON THE FOURTH CLAIM FOR FRAUD.

THIS INSTRUCTION IS PREJUDICIAL TO THE DEFENSE AND WILL CONFUSE AND MISLEAD THE JURY TO BELIEVE THAT PUNTIVE DAMAGES ARE ALLOWED ON THE FIRST THREE CLAIMS.

THIS INSTRUCTION IS PREJUDICIAL AS IT IS NOT LIMITED TO THE FRAUD CLAIM.

## Jury Instruction Number 94

## DEFENDANTS PROPOSE:

### No Punitive Damages

You must not include in your award any damages to punish or make an example of Defendants. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiffs for their loss.
CACI 3924.

[PLAINTIFFS OBJECTIONS] THE TITLE OF "NO PUNITIVE DAMAGES" is SUGGESTIVE IN NATURE AND IS ONLY ESTABLISHED TO CONDITION A RESPONSE FROM THE JURY. THIS INSTRUCTION IS MISLEADING AND ONLY PURPOSE IS TO CONFUSE THE JURY. FURTHERMORE PUNITIVE DAMAGES ARE AVAILABLE THE DEFINITION CONFUSES THE POINT THAT YOU MUST NOT INCLUDE IN YOUR "AWARD" WHICH IN AND OF ITSELF COULD BE CONFUSING.

**Jury Instruction Number 96**
**DEFENDANTS PROPOSE:**

**Removal of Claims or Parties**

[Name of plaintiff]'s claim for [insert claim] is no longer an issue in this case.]
[[Name of party] is no longer a party to this case.]

Do not speculate as to why this [claim/person] is no longer involved in this case. You should not consider this during your deliberations.
CACI 5007.

_____

        [PLAINTIFFS OBJECTION]
[PLAINTIFFS OBJECTIONS] THE TITLE is SUGGESTIVE IN NATURE AND IS ONLY ESTABLISHED TO CONDITION A RESPONSE FROM THE JURY. THIS INSTRUCTION IS MISLEADING AND ONLY PURPOSE IS TO CONFUSE THE JURY.

## **Jury Instruction Number 97**
## **5.1  DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

[Here insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)]

[SEE 5.2]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[DEFENDANTS OBJECTION]

<u>**Jury Instruction Number 98**</u>
**5.2  MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] which with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] required to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] which with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property which was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1.        the reasonable cost of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2.      the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

[DEFENDANTS OBJECTION]

## <u>Jury Instruction Number 111</u>
## PLAINTIFFS PROPOSE THE FOLLOWING:

### <u>FDCPA-BONA FIDE ERROR 15 U.S.C. 1692k(c)</u>

Defendants assert the affirmative defense of "bona fide error." The Defendants have the burden of proving by a preponderance of the evidence each part of the "bona fide error" defense.

Those three parts are:
4. the violation was not intentional;
5. the violation was the result of a bona fide error; and,
6. the violation occurred even though the debt collector maintained procedures reasonably adapted to check for and avoid the specific error.

It is not a defense to liability under the FDCPA that the Defendants may not have intended to violate the FDCPA, or that the Defendants' conduct was the result of a genuine mistake about what conduct was prohibited by the FDCPA.

It is not a defense to liability under the FDCPA that the Defendants may have written procedures that were not enforced or maintained by the Defendants, or were not followed by the Defendants' employees, and the violation occurred due to failure to follow those procedures.

15 U.S.C. § 1692k(c); Baker v. G.C. Services Corp., 677 F.2d 775, 779 (9th Cir. 1982); Reichert v. National Credit Systems, Inc., 531 F.3d 1002 (9th Cir. 2008); Niven v. National Action Financial Services, Inc.,, 2008 WL 4190961 (M.D. Fla.), Graziano v. Harrison, 763 F. Supp. 1269, 1277 (D.N.J.).

[DEFENDANTS OBJECT AND PROPOSE]