**FILED**
CLERK, U.S. DISTRICT COURT

June 23,2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MASIS BAGDASARYAN, an individual; VERZHIN BAGDASARYAN, an individual; MASIS BAGDASARYAN as Trustee of the MASIS AND VERZHIN BAGDASARYAN TRUST,

Plaintiffs,

v.

BAYVIEW LOAN SERVICING, LLC; M&T BANK; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. CV-14-06691 SJO (VBKx)

**FINAL TRIAL JURY INSTRUCTIONS**

Trial Date: June 20, 2017
Time: 8:30 A.M.
Ctrm: 10C

*Assigned to:  Honorable S. James Otero*
*Referred to:  Magistrate Judge Victor B. Kenton*

# TABLE OF CONTENTS

| No. | Title | *This column left intentionally blank* | Pg. |
|---|---|---|---|
| **THE TRIAL PROCESS** | | | |
| 1 | Duty of Jury | | 5 |
| 2 | Claims and Defenses | | 6 |
| 3 | Burden of Proof—Preponderance of the Evidence | | 7 |
| 4 | Two or More Parties—Different Legal Rights | | 8 |
| 5 | What is Evidence | | 9 |
| 6 | What is Not Evidence | | 10 |
| 7 | Direct and Circumstantial Evidence | | 11 |
| 8 | Credibility of Witnesses | | 12 |
| 9 | Taking Notes | | 13 |
| **FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL ACT** | | | |
| 10 | Elements of FDCPA | | 14 |
| 11 | FDCPA Definitions | | 15 |
| 12 | Violation of FDCPA | | 17 |
| 13 | Civil Liability Under FDCPA – Intent | | 20 |
| 14 | Elements of Rosenthal Act Claim | | 21 |

JURY INSTRUCTIONS

| No. | Title | *This column left intentionally blank* | Pg. |
|-----|-------|----------------------------------------|-----|
| 15 | Cure of Violation of Rosenthal Act | | 22 |
| **UNFAIR COMPETITION LAW** | | | |
| 16 | Violation of Unfair Competition Law | | 23 |
| 17 | Restitution Under UCL | | 24 |
| **DAMAGES** | | | |
| 18 | Actual Damages for Violation of FDCPA | | 25 |
| 19 | Statutory Damages for Violation of FDCPA | | 26 |
| 20 | Actual Damages for Violation of Rosenthal Act | | 27 |
| 21 | Statutory Damages for Violation of Rosenthal Act | | 28 |
| **STATUTE OF LIMITATIONS** | | | |
| 22 | Statute of Limitations for FDCPA and Rosenthal Act | | 29 |
| **DELIBERATIONS** | | | |
| 23 | Conduct of the Jury | | 30 |
| 24 | Duty to Deliberate | | 32 |
| 25 | Communication with Court | | 33 |
| 26 | Return of Verdict | | 34 |

JURY INSTRUCTIONS

*This page left intentionally blank*

JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*This page left intentionally blank*

JURY INSTRUCTIONS

*INSTRUCTIONS ON THE TRIAL PROCESS*

**JURY INSTRUCTION NO. 1**
**[DUTY OF JURY]**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTIONS

1

2

# JURY INSTRUCTION NO. 2
## [CLAIMS AND DEFENSES]

3

4

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

5

6

7

8

9

10

Plaintiffs Masis Bagdasaryan, an individual and trustee of the Masis and Verzhin Bagdasaryan Trust, and Verzhin Bagdadsaryan, an individual (collectively, "Plaintiffs") assert that Defendants Bayview Loan Servicing, LLC ("Bayview") and M&T Bank ("M&T") (collectively, "Defendants") violated the federal Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and the California Unfair Competition Law.

11

12

Defendants deny those claims and also contend that Plaintiffs' FDCPA and Rosenthal Act claims are time-barred by the applicable statute of limitations periods.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 3
### [BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE]

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 4
## [TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS]

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

## **JURY INSTRUCTION NO. 5**
### **[WHAT IS EVIDENCE]**

The evidence you are to consider in deciding what the facts are consists of:

    1.    the sworn testimony of any witness;

    2.    the exhibits that are admitted into evidence;

    3.    any facts to which the lawyers have agreed; and

    4.    any facts that I have instructed you to accept as proved.

JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 6
## [WHAT IS NOT EVIDENCE]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTIONS

1
2

# JURY INSTRUCTION NO. 7
## [DIRECT AND CIRCUMSTANTIAL EVIDENCE]

3
4
5
6
7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 8
### [CREDIBILITY OF WITNESSES]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

But if you decide a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

## **JURY INSTRUCTION NO. 9**
## **[TAKING NOTES]**

3
4
5

Whether or not you took notes, you should rely on your own memory of the
evidence. Notes are only to assist your memory. You should not be overly
influenced by your notes or those of other jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***INSTRUCTIONS ON FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL ACT***

## <u>JURY INSTRUCTION NO. 10</u>
## [ELEMENTS OF FDCPA CLAIM]

In order to succeed on their Fair Debt Collections Practices Act ("FDCPA") claim, Plaintiffs must prove the following by a preponderance of the evidence:

    (1)    the plaintiff is a "consumer";

    (2)    who was the object of a collection activity arising from a "debt";

    (3)    Defendants are "debt collectors"; and

    (4)    Defendants violated a provision of the FDCPA.

JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 11
## [FDCPA DEFINITIONS]

For purposes of this lawsuit, the definitions of relevant terms under the FDCPA are as follows.

Communication:

> A "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

Consumer:

> A "consumer" means any natural person obligated or allegedly obligated to pay any debt.

Creditor:

> A "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Debt:

> A "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

> In making this determination, you should examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether the transaction was primarily consumer or

*[Continued on next page]*

commercial in nature.  Neither Defendants' motives nor the fashion in which the loan is memorialized are dispositive of this inquiry.  You must look to the substance of the transaction and Plaintiffs' purpose in obtaining the loan, rather than solely the form of the loan.

Debt Collector:

A "debt collector" means:

(1)    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;

(2)    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; or

(3)    any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

The term "debt collector" does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 12**
**[VIOLATION OF FDCPA]**

Whether a debt collector's conduct violates the FDCPA requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication.  The least sophisticated debtor standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors.  At the same time, the FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations.

Plaintiffs contend that Defendants violated the following sections of the FDCPA. To succeed on their FDCPA claim, Plaintiffs must prove by a preponderance of the evidence that Defendants violated at least one of the following sections:

Communication in Connection with Debt Collection:  Communication with the Consumer Generally

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

Communication in Connection with Debt Collection:  Communication with Third Parties

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt

*[Continued on next page]*

collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Harassment or Abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. For example, causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number would constitute a violation of this section.

False or Misleading Practices

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. For example, any of the following would constitute a violation of this section:

(1)    a false representation of the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

(2)    the threat to take any action that cannot legally be taken or that is not intended to be taken; or

(3)    communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

*[Continued on next page]*

JURY INSTRUCTIONS

<u>Unfair Practices</u>

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  For example, any of the following would constitute a violation of this section:

(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

(2) the acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit; or

(3) depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

1
2

## JURY INSTRUCTION NO. 13
## [CIVIL LIABILITY UNDER FDCPA – INTENT]

3
4
5
6

Defendants may not be held liable under the FDCPA if Defendants show by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 14
### [ELEMENTS OF ROSENTHAL ACT CLAIM]

In order to succeed on their Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act") claim, Plaintiffs must prove the following by a preponderance of the evidence:

    (1)    the plaintiff is a "consumer";

    (2)    who was the object of a collection activity arising from a "debt";

    (3)    Defendants are "debt collectors"; and

    (4)    Defendants violated a provision of the Rosenthal Act.

# JURY INSTRUCTION NO. 15
## [CURE OF VIOLATION UNDER ROSENTHAL ACT]

Defendants shall have no civil liability under the Rosenthal Act if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, Defendants notified Plaintiffs of the violation, and made whatever adjustments or corrections are necessary to cure the violation with respect to Plaintiffs.

*INSTRUCTIONS ON UNFAIR COMPETITION LAW*

## JURY INSTRUCTION NO. 16
## [UNFAIR COMPETITION LAW]

To succeed on their California Unfair Competition Law ("UCL") claim, Plaintiffs must prove by a preponderance of the evidence that Defendants' conduct constituted unlawful, unfair, and/or fraudulent business practices, according to the following definitions.

A business practice is "unlawful" if it violates any other law.

A business practice is "unfair" if it violates any other law, or if violates established public policy or is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.

A business practice is "fraudulent" if members of the public are likely to be deceived.

1
2

## **JURY INSTRUCTION NO. 17**
## **[RESTITUTION UNDER UCL]**

3
4
5
6
7

If you find that Defendants violated the UCL, you may award Plaintiffs restitution. "Restitution" is limited to money or property lost by Plaintiffs and acquired by Defendants. The object of restitution is to restore the status quo by returning money or property obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property. Under the UCL, you may not award compensatory damages.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *INSTRUCTIONS ON DAMAGES*

### <u>JURY INSTRUCTION NO. 18</u>
### [ACTUAL DAMAGES FOR VIOLATION OF FDCPA]

If you find that Defendants violated any section of the FDCPA with respect to either Plaintiff, Defendants are liable for any actual damages sustained by such Plaintiff as a result of such violation.   Actual damages include damages for personal humiliation, embarrassment, mental anguish, and emotional distress. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress.  Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law.  The law does require, however, that the compensation be just and reasonable.  The amount of actual damages, if any, is awarded per Plaintiff per Defendant.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 19**
**[STATUTORY DAMAGES FOR VIOLATION OF FDCPA]**

In addition to actual damages, and regardless of whether actual damages are awarded, you may award statutory damages for violations of the FDCPA in an amount not to exceed $1,000 per Plaintiff per Defendant.

In determining the amount of statutory damages to be awarded, you shall consider among other relevant factors, the frequency and persistence of noncompliance by Defendants, the nature of such noncompliance, and the extent to which noncompliance was intentional.

JURY INSTRUCTIONS

1

2

**JURY INSTRUCTION NO. 20**
**[ACTUAL DAMAGES FOR VIOLATION OF ROSENTHAL ACT]**

3

4

5

6

If you find that Defendants violated any section of the Rosenthal Act with respect to either Plaintiff, Defendants are liable for any actual damages sustained by that Plaintiff as a result of such violation.  The amount of actual damages, if any, is awarded per Plaintiff per Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**JURY INSTRUCTION NO. 21**
**[STATUTORY DAMAGES FOR VIOLATION OF ROSENTHAL ACT]**

3
4
5
6

In addition to actual damages, and regardless of whether actual damages are awarded, if you find that Defendants willfully and knowingly violated the Rosenthal Act, you may award statutory damages in an amount no less than $100 and no greater than $1,000 per Plaintiff per Defendant.

7
8

"Willfully" means with a purpose or willingness to commit the act. It does not require any intent to violate law, or to injure another, or to acquire any advantage.

9
10

"Knowingly" means with a knowledge of the facts. It does not require any knowledge of the unlawfulness of such act.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JURY INSTRUCTIONS

*INSTRUCTION ON STATUTE OF LIMITATIONS*

**JURY INSTRUCTION NO. 22**
**[STATUTE OF LIMITATIONS FOR FDCPA AND ROSENTHAL ACT]**

Defendants contend that Plaintiffs are barred from bringing their FDCPA and Rosenthal Act claims because they did not file this lawsuit within the time set by law. To succeed on this defense, Defendants must prove by a preponderance of the evidence that Defendants' violation(s) of the FDCPA or Rosenthal Act occurred before August 26, 2013.

However, Plaintiffs' FDCPA claim or Rosenthal Act claim was still filed on time if Plaintiffs prove one of the following by a preponderance of the evidence:

(1)    that, before that date, Plaintiffs did not discover, and did not know of facts that would have caused a reasonable person to suspect, that they had suffered harm that was caused by Defendants' violation(s); or

(2)    that Defendants' conduct constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts, Plaintiffs filed the lawsuit within one year of the most recent date on which Defendants violation(s) occurred, and the entire course of conduct is at issue.

JURY INSTRUCTIONS

*INSTRUCTIONS ON DELIBERATIONS*

## JURY INSTRUCTION NO. 23
### [CONDUCT OF THE JURY]

I will now say a few words about your conduct as jurors.

First, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to

*[Continued on next page]*

JURY INSTRUCTIONS

do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 24**
**[DUTY TO DELIBERATE]**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 25
## [COMMUNICATION WITH COURT]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

## **JURY INSTRUCTION NO. 26**
## **[RETURN OF VERDICT]**

3

4

5

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28