UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MASIS BAGDASARYAN, an individual; VERZHIN BAGDASARYAN, an individual; MASIS BAGDASARYAN as Trustee of the MASIS AND VERZHIN BAGDASARYAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC; M&T BANK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 14-06691-SJO (VBKx)<br><br>**JUDGMENT**<br><br>Trial Dates: June 20, 2017-June 23, 2017<br>Ctrm: 10C<br><br>*Assigned to: Honorable S. James Otero* |

**JUDGMENT**

From June 20, 2017 through June 23, 2017, this Court presided over a Jury Trial involving the following claims by the Plaintiffs: (1) violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Bayview Loan Servicing, LLC ("Bayview") and M&T Bank ("M&T"; together, the "Defendants"); (2) violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") against the Defendants; (3) fraud against Bayview; and (4) violations of the unfair competition law ("UCL") against the Defendants.

Witnesses were sworn and testified. Evidence was received by the jury. Arguments by Defendants' counsel and by Mr. Bagdasaryan were also received by the jury.

On June 21, 2017, Defendants filed a Motion for Judgment as a Matter of Law ("Motion") pursuant to Federal Rule of Civil Procedure 50(a)(1). (ECF No. 301.) In the Motion, the Defendants moved for judgment as a matter of law on Plaintiffs' FDCPA claim and fraud claim.

On June 22, 2017, the Court initially denied the Motion in its entirety. (ECF No. 306.)

On June 23, 2017, the Court reconsidered the Motion and found that the Plaintiffs submitted no evidence, during their case in chief, that any alleged fraudulent conduct was ratified by an officer, director, or managing agent of Bayview. (ECF No. 307.) As a result, the Court granted the Motion as to the fraud claim and denied it as to the FDCPA claim. (*Id.*)

On June 23, 2017, the jury returned a unanimous verdict for the Defendants on the FDCPA, Rosenthal Act, and UCL claims. (ECF No. 315.)

The Court confirmed the jury's UCL verdict, concluding that there was no evidence to support any unlawful, unfair, or fraudulent business practices by the Defendants.

**ACCORDINGLY, THE COURT HEREBY ENTERS JUDGMENT FOR DEFENDANTS AS FOLLOWS:**

1. Plaintiffs' claims are dismissed with prejudice;
2. Pursuant to Federal Rule of Civil Procedure 58, Plaintiffs shall take nothing and Judgment is hereby entered in favor of Defendants;
3. Pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendants, as the prevailing party, may recover their costs of suit taxed in this matter from Plaintiffs; and
4. Pursuant to Federal Rule of Civil Procedure 54(d)(2) and L.R. 54-10, any motions or applications for attorneys' fees shall be served and filed within fourteen (14) days after the entry of this Judgment.

**IT IS ORDERED AND ADJUDGED THAT THE ABOVE JUDGMENT BE ENTERED BY THE CLERK.**

Dated: June 30, 2017.

*S. James Otero*

UNITED STATES DISTRICT JUDGE OTERO